DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, J-M.W. appeals from the August 27, 2004 judgment of the Summit County Court of Common Pleas, Juvenile Division, that found him delinquent for gross sexual imposition and sentenced him to probation and from the December 27, 2005 judgment of the Summit County Court of Common Pleas, Juvenile Division, that found him guilty of violating his probation and sentenced him to six months in the Ohio Department of Youth Services ("ODYS"). We affirm.
 {¶ 2} On June 9, 2004, Appellant appeared before the magistrate and pled guilty to gross sexual imposition ("Original Hearing"). On August 27, 2004, the magistrate placed Appellant on probation for his conduct (the "Original Order"). The trial court adopted the magistrate's findings without objection from Appellant. On December 14, 2005, Appellant again appeared before the magistrate for violating his probation ("Probation Violation Hearing"). Appellant pled guilty and the magistrate found him guilty of violating his probation and sentenced him to confinement in the ODYS (the "Probation Violation Order"). The trial court again adopted the magistrate's findings without objection from Appellant. Appellant timely appealed the Original Order (after being granted leave by this Court to file a delayed appeal) and timely appealed the Probation Violation Order. On March 27, 2006, this Court consolidated the two appeals (Case No. 23144 into Case No.: 23066) upon motion by Appellant. Appellant raises two assignments of error in this consolidated appeal, which we will address collectively as they concern similar issues of law and fact. We also note that both assignments of error relate solely to the Probation Violation Order, not the Original Order, despite Appellant's appeal of the Original Order in Case No. 23144.
 ASSIGNMENT OF ERROR I
"The juvenile court committed reversible error when it failed to appoint a Guardian Ad Litem in violation of R.C. 2151.281(A) and Juv.R. 4(B). (A-3); (Transcript of Proceedings)."
 ASSIGNMENT OF ERROR II
"The trial court violated [Appellant's] Right to Counsel and Due Process under the Fifth, Sixth, and Fourteen Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, Ohio Revised Code Section 2151.352 and Juvenile Rules 4 and 29. (A-3); (Transcript of Proceedings)."
 {¶ 3} In his first assignment of error, Appellant asserts that the Magistrate did not appoint a guardian ad litem to protect his interests when his interests were in conflict with his mother's interests, both of which were being adjudicated at the same hearing before the magistrate. The alleged conflict is that Appellant's mother was facing charges for failing to send Appellant to school while Appellant was being charged with a probation violation for missing school, among other things. Based on this argument, it is presumed that Appellant is only assigning this error to the orders stemming from the Probation Violation Hearing.
 {¶ 4} In his second assignment of error, Appellant avers that the magistrate did not adequately determine (by conducting sufficient inquiry) whether his waiver of the right to counsel was voluntary, intelligent, or knowing and, thus, the magistrate denied him the right to counsel. Defendant was represented by counsel at the Original Hearing so it is presumed that this assignment of error only relates to the Probation Violation Hearing.
 {¶ 5} In the instant case, Appellant failed to object to the magistrate's decisions that culminated in the Probation Violation Order. Pursuant to Juv.R. 40(D)(3)(a) and Civ.R. 53(D)(3)(b), Appellant could have filed written objections to the magistrate's decisions within fourteen days after the filing of that decision. Absent objections to the magistrate's findings or conclusions, a party shall not assign as error on appeal the magistrate's findings or conclusions as stated in the decision or "the court's adoption of any finding of fact or conclusion of law[.]" SeeLewis v. Savoia (Aug. 28, 1996), 9th Dist. No. 17614, at 3, quoting Civ.R. 53(E)(3)(b). See, also, Juv.R. 40(D)(3)(a) and Civ.R. 53(D)(3)(b). Due to Appellant's failure to object to the magistrate's decisions, he has deprived the trial court of the opportunity to correct the alleged error in the first instance and has thereby waived his right to appeal the findings and conclusions contained in the magistrate's decision. See In reEtter (1998), 134 Ohio App.3d 484, 492, 731 N.E.2d 694, citingGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121,679 N.E.2d 1099. See, also, Lewis at 3; In re Clayton (Nov. 9, 2000) 8th Dist. No. 75757, at *6 (O'Donnell, P.J., dissenting).
 {¶ 6} This Court has applied the above-referenced waiver doctrine where a juvenile appeals a right to counsel issue but fails to object to the magistrate's report, and found that the juvenile waived his right to object to the magistrate's findings as supported by the hearing transcript. In re Stanford, 9th Dist. No. 20921, 2002-Ohio-3755. Appellant has pointed this Court to no Ohio law (outside of the Fifth District) that holds otherwise. We decline to follow the Fifth District.
 {¶ 7} Similarly, the above-referenced waiver doctrine applies where a juvenile appeals the magistrate's failure to appoint a guardian ad litem, but does not file objections to the magistrate's report. In re Harper, 2nd Dist. No. 19948,2003-Ohio-6666, at ¶ 2.
 {¶ 8} An exception to the waiver doctrine exists, however, if plain error is found. Etter, at 492. Plain error is defined as any error or defect that affects an individual's substantial rights, which is not brought to the attention of the trial court through an objection. Crim.R. 52(B).
 {¶ 9} In the present case, as discussed above, the waiver rule applies because Appellant did not file objections to the magistrate's decision finding him in violation of the terms of his probation and ordering him committed to the ODYS where Appellant was not represented by counsel and/or a guardian ad litem and did not voluntarily waive his right to the former. The only remaining question is whether Appellant has demonstrated plain error, which exists when an error "seriously affects the basic fairness, integrity or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss, at 122-123.
A. Failure to Appoint a Guardian Ad Litem
 {¶ 10} With regard to the failure to appoint a guardian ad litem, Appellant notes that Ohio law requires such an appointment when the interests of a child and parent conflict. See Juv.R. 4(B)(2); R.C. § 2151.281(A). He then points out that his mother was being charged for allowing him to commit conduct (skipping school), which was the same conduct that violated his probation. He asserts that because a conflict is possible, Appellant should have been appointed a guardian ad litem.
 {¶ 11} "[T]he juvenile court is in the best position to weigh the relevant facts in determining whether a potential conflict of interest exists between the parent and child." In re Sappington
(1997), 123 Ohio Ap.3d 448, 453-54, 704 N.E.2d 339. The question is whether or not "the record from below reveals a strong enough possibility of conflict of interest between parent and child to show that the juvenile court abused its discretion by not [appointing a guardian ad litem]" Id. at 454.
 {¶ 12} Having reviewed the record, we find no error in the failure to appoint a guardian ad litem. The transcript of proceedings below reveals no anger or tension between Appellant and his mother, except for concern on the part of the mother about her son. Moreover, Appellant admitted that he did not go to school because of problems with the kids and the teachers. Finally, Appellant violated his probation in more ways than just truancy. He missed counseling appointments and failed to complete his journal work. The record does not reflect a situation in which the magistrate plainly erred by failing to appoint a guardian ad litem on the basis of a conflict of interest. Appellant's first assignment of error is overruled.
B. Waiver of Right to Counsel
 {¶ 13} With regard to whether or not Appellant knowingly, intelligently and voluntarily waived his right to counsel at the Probation Violation Hearing, R.C. 2151.352 codifies a juvenile's right to counsel and states that "[i]f a party appears without counsel, the court shall ascertain whether the party knows of his right to counsel and of the party's right to be provided with counsel if the party is an indigent person." Juv.R. 29(B)(3) and (4) states that "at the beginning of the hearing, the court shall do all of the following: (3) inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel; (4) appoint counsel for any unrepresented party, under Juv.R. 4(A) who does not waive the right to counsel." Juv.R. 4 states that "[e]very party shall have the right to be represented by counsel * * * if indigent * * * when a person becomes a party to a juvenile court proceeding." Appellant points out that the phrasing of the court's explanation of his right to counsel was misleading in that it wrongfully indicated to him that he was not entitled to counsel if his mother (or anyone in his family) could afford to pay a lawyer. He also asserts that the way in which the ultimate waiver question was posed would have naturally led him to answer as he did, i.e., that he would like to "proceed without [an attorney]."
 {¶ 14} Having reviewed the record, we find that the Court substantially complied with Juv.R.29 (B)(3) and (4) in the procedure leading to Appellant's waiver of his right to counsel. "A court need only substantially comply with the mandates of Juv.R. 29(D) before accepting a juvenile's admission" In reC.P., 9th Dist. No. 04CA008534, 04CA008535, 2005-Ohio-1819, at ¶ 8, citing In re Brooks (1996), 112 Ohio App.3d 54, 57,677 N.E.2d 1229. To comply with Juv.R. 29 the court should "use the language of the rule, `carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows that he is waiving it by entering an admission.'" C.P., at ¶ 8, quoting In re Miller
(1997), 119 Ohio App.3d 52, at 58, 649 N.E.2d 500.
 {¶ 15} The state acknowledges that the Magistrate erroneously notified Appellant that he has a right to be represented by a lawyer, "if you wish to be represented and if you and your family cannot afford a lawyer" when, in fact, Appellant would be entitled to counsel regardless of his family's ability to pay (emphasis added). However, we do not find this to be plain error as in all other respects the magistrate complied with Juv. R. 29 requirements, i.e., he substantially complied with Juv. R. 29(B)(1) and (4). We note that while the Magistrate did advise Appellant's mother, in Appellant's presence, that she did not qualify for appointed counsel, he so indicated "because the charge of failing to send a child to school does not carry with it the possibility of jail time." The denial of Appellant's mother's right to counsel has nothing to do with the family's ability to afford counsel.
 {¶ 16} At the adjudicatory hearing, the magistrate explained to Appellant that he was charged with violating his probation by receiving a new referral for truancy, missing appointments with Child Guidance, refusing to complete his daily journal and having eight unexcused absences from school. The magistrate further explained that that he was charged with being a delinquent child and a chronic truant and asked Appellant whether he understood that he was so charged. Appellant responded that he did. The magistrate then told Appellant he had a right to be represented by a lawyer and that if he wanted to be represented and he and his family could not afford a lawyer, the court would appoint one to represent him. Appellant indicated he understood these rights.
 {¶ 17} The magistrate then advised Appellant of all of the rights he would be waiving by entering an admission, including his right to confront witnesses, to present witnesses, to challenge evidence, to present evidence, to remain silent, and to have the case against him proven beyond a reasonable doubt. The magistrate then explained to Appellant that he was on probation for gross sexual imposition, a third degree felony if committed by an adult and that if he admitted to the probation violation, the worst penalty he would receive would be revocation of his probation and possible commitment to the ODYS for six months or at the maximum until he was 21 years old. The magistrate asked Appellant whether he understood that he would be waiving his rights, and what sentence he could receive; Appellant replied that he did. Finally, the magistrate asked Appellant if he had any questions about his rights or anything the magistrate told him and he indicated he did not. Appellant then stated that he wanted to proceed without a lawyer, and admitted to the probation violation.
 {¶ 18} Thereafter, the magistrate asked whether anyone had used force or made any threats or promises to get Appellant to admit, and he replied that no one had. The magistrate then asked whether Appellant was making the admission of his own free will, and Appellant replied that he was. After engaging in this colloquy with Appellant, the magistrate found that the Appellant "knowingly, voluntarily and intelligently waived his rights to a lawyer, also waived his rights to a trial" and accepted Appellant's admission to the charges of probation violation and chronic truancy and that he is a delinquent child.
 {¶ 19} We find that the magistrate did not plainly err, substantially complied with Juv.R. 29, and that Appellant's admission was voluntary and knowing. The trial court informed Appellant of the charge against him, advised Appellant of the rights he would be waiving by entering an admission, and conducted a comprehensive inquiry to establish that Appellant understood the nature of the charge against him and the consequences of an admission. Therefore, the trial court did not err by accepting Appellant's waiver of his right to counsel.
 {¶ 20} We note Appellant's reliance upon our decision in InRe S.J., 9th Dist. No. 23058, 2006-Ohio-4467. We discussed the doctrine of "substantial compliance" in In Re S.J., at ¶ 8 and found that the trial court substantially complied with the requirements of Juv.R. 29(B)(4) at S.J.'s adjudication hearing and that the juvenile properly waived his right to counsel. At the disposition hearing, held on a different day, however, we found that the trial court erred because it "did not reiterate Appellant's right to counsel during disposition or allow him either to invoke or to waive his right to counsel at that stage." Id. at ¶ 10. The situation in In re S.J. is not this case. Appellant's adjudication hearing and disposition hearing were held simultaneously on December 14, 2005 and for the reasons stated above, we find that the trial court substantially complied with its Juv. R. 29(B)(4) requirements and properly accepted Appellant's waiver of his right to counsel. Appellant's second assignment of error is overruled.
 {¶ 21} We find no plain error and that the trial court did not abuse its discretion in adopting the Probation Violation Order and Original Order and we overrule both of Appellant's assignments of error. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Concurs.