## In re WILLIAM B.

[Cite as *In re William B.,* 163 Ohio App.3d 201, 2005-Ohio-4428.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1305.

Decided Aug. 26, 2005.

David H. Bodiker, Ohio Public Defender, and Amanda J. Powell, Assistant State Public Defender, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney, and Megan E. Simko, Assistant Prosecuting Attorney, for appellee.

HANDWORK, Judge.

{¶ 1} This is an appeal from a decision of the Lucas County Court of Common Pleas, Juvenile Division, which, following an admission by appellant, William B., a minor, found appellant in violation of a prior court order, pursuant to a motion to show cause, for failing to follow the terms and conditions of the Youth Treatment Center ("YTC"). For the reasons that follow, we reverse the decision of the trial court.

{¶ 2} Appellant was adjudicated a delinquent on November 27, 2002, after admitting to one count of unauthorized use of a motor vehicle—to wit, his mother's van—a felony of the fifth degree, and one count of disorderly conduct,

as amended from an original count of resisting arrest. Appellant was fined and, on the adjudication of delinquency for the unauthorized use of his mother's automobile, appellant was sentenced to a commitment at the Ohio Department of Youth Services ("ODYS") for a minimum period of six months, to age 21. On January 1, 2003, appellant's commitment at the ODYS was stayed, and appellant was transported to the YTC for placement. Appellant was ordered to follow the terms, conditions, and rules of the YTC.

{¶ 3} In 2003, while at the YTC, appellant was charged with rape and found to be delinquent. Appellant's rape case, however, is not part of this record. Nevertheless, YTC documents indicate that appellant's victims were appellant's ten-year-old male cousin, with whom appellant lived and of whom appellant's mother had custody, and appellant's two year-old niece. With respect to the rape offense, appellant was ordered confined to the ODYS for a period of three years to age 21. A stay of commitment was ordered with respect to the rape offense.

{¶ 4} Appellant admitted to and was adjudicated delinquent on January 27, 2003, for failing to follow the YTC's rules in violation of court order. Appellant's disposition for the January violation was to remain at the YTC and fully cooperate with its staff. On August 24, 2004, the YTC filed another motion to show cause against appellant for failing to follow all the terms and conditions of treatment at the YTC. Specifically, the YTC alleged that appellant did not return to the YTC from a home visit.

{¶ 5} The show-cause motion was set for hearing on August 30, 2004. Appellant, appellant's mother, and Charlton Wallace of the YTC were present. Appellant proceeded without counsel and admitted to being in violation of a court order by failing to return to the YTC following a home visit. At appellant's September 21, 2004 disposition, the juvenile court ordered that, with respect to appellant's rape case, appellant's prior stay on commitment to ODYS be lifted. Appellant was ordered transported to the ODYS for a period of three years to age 21. It is from this disposition that appellant appeals and raises the following assignments of error:

{¶ 6} "Assignment of Error I

{¶ 7} "The trial court violated William [B.'s] Right to Counsel and to Due Process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, Ohio Revised Code Section 2151.352 and Juvenile Rules 4 and 29.

{¶ 8} "Assignment of Error II

{¶ 9} "William [B.'s] admission to his probation violation was not knowing, voluntary, and intelligent, in violation of the Fifth and Fourteenth Amendments

to the United States Constitution, Article I, Sections 10 and 16 of the Ohio Constitution, and Juvenile Rules 29, and 35(B)

{¶ 10} "Assignment of Error III

{¶ 11} "The trial court committed reversible error when it failed to appoint a guardian ad litem for William [B.] in violation of Ohio Revised Code Section 2151.281(A) and Juvenile Rule 4(B)."

{¶ 12} Appellant argues in his first assignment of error that the trial court violated his due process rights—specifically, his right to counsel. The state responds that the juvenile court was not required to appoint counsel for appellant because he was represented by his mother at the court proceedings.

{¶ 13} Appellant was entitled to counsel at all stages of the proceedings against him. R.C. 2151.352 states:

{¶ 14} "A child * * * is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. * * * Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them." See, also, Juv.R. 4(A).

{¶ 15} In this case, appellant's mother was present in court with him at the show-cause hearing. The Ohio Supreme Court, however, recognizes that "the parents or guardian do not always represent the child's best interests and are sometimes adverse thereto." *In re Agler* (1969), 19 Ohio St.2d 70, 78, 48 O.O.2d 85, 249 N.E.2d 808. To overcome this problem, the Ohio Supreme Court requires that counsel be provided at state expense to assure the constitutional fairness of adjudication. Id., citing *Griffin v. Illinois* (1956), 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

{¶ 16} Appellant argues that although his mother was present in the courtroom during the hearings on the motion to show cause, she did not represent or advise him. In particular, appellant asserts that his mother was not in a position to represent him because she had been the victim of appellant's behavior, both in the past and during the period that appellant failed to return to the YTC. To demonstrate that his mother was not representing his interests, appellant points to his mother's statement, made during disposition, when asked if she wanted to say anything:

{¶ 17} "There is nothing I can say. I can't make excuses for my son. I am ashamed of what he's done but there is nothing I can say or do. He needs to grow up some day, hopefully soon, before it's too late and he does something worst [sic] than what he's already done."

{¶ 18} Although the state attempts to spin appellant's mother's comments in a positive light, we agree with appellant. In the current case, appellant's underlying charge began with him taking his mother's van without her permission. In appellant's subsequent rape case, it is evident that appellant's mother has custody of one of the two victims. As to appellant's home visit, which led to the August 2004 show-cause motion, Wallace stated that during the one-week period that appellant failed to return, appellant "abused drugs, victimized the mom, basically verbally, and her household." Given the foregoing, we find that there is sufficient evidence to demonstrate that, as one of appellant's victims and the custodian of another of appellant's victims, appellant's mother may have had interests adverse to her son's best interests and therefore was unable to fully represent his interests. Accordingly, we find that the juvenile court should have appointed appellant counsel to protect his constitutional rights.

{¶ 19} Nevertheless, the state argues that appellant knowingly, intelligently, and voluntarily waived his rights, including the right to counsel. Upon a thorough review of the record, we find that the trial court did engage in a colloquy concerning his rights, including his right to counsel. However, rather than asking appellant whether he wished to waive his right to counsel, the trial court stated:

{¶ 20} "THE COURT: *If you want your rights, you should deny this charge.* If you believe that you're not guilty, not delinquent, did not violate a court order, then you should also deny today. Do you understand that?

{¶ 21} "[APPELLANT]: Yes, sir.

{¶ 22} "THE COURT: You may also admit today. If you wish to waive, that is, *give up your right* and admit to this charge, the Court will accept your admission today." (Emphasis added.)

{¶ 23} Clearly, appellant was advised that in order to be afforded his constitutional rights, including his Sixth Amendment right to counsel, he would have to deny the charges levied against him. To repeat, however, a child has a right to counsel at every stage of a juvenile proceeding, including disposition; the statute does not differentiate between a child who chooses to deny a charge and a child who admits to a charge. Accordingly, we are compelled to find that appellant did not knowingly, intelligently, and voluntarily waive his right to counsel. Appellant's first assignment of error is therefore well taken.

{¶ 24} In his second assignment of error, appellant argues that his admission to a violation of a court order was not knowing, voluntary, and intelligent because he was not properly advised of the consequences of his admission. We agree.

{¶ 25} Pursuant to Juv.R. 29(D), "[t]he court * * * shall not accept an admission without addressing the party personally and determining both of the following:

{¶ 26} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the *consequences of the admission*;

{¶ 27} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." (Emphasis added.)

{¶ 28} This court previously held that, with respect to compliance with Juv.R. 29(D), in accepting an admission in a delinquency case, "the applicable standard for the trial court's acceptance of an admission is substantial compliance with the provisions of Juv.R. 29(D), without which the adjudication must be reversed 'so that the juvenile may plead anew.'" *In re Christopher R.* (1995), 101 Ohio App.3d 245, 248, 655 N.E.2d 280, quoting *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C-910292, C-910404 and C-910568, 1992 WL 5843.

{¶ 29} In this case, appellant was informed of the nature of the allegations against him and that, by entering an admission, he was waiving his rights to challenge witnesses and evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing. We find, however, that the juvenile court failed to inform appellant of the consequences of his admission, as required by Juv.R. 29(D)(1). In particular, the court informed appellant as follows:

{¶ 30} "If you do admit to this charge, you are on a stayed commitment. That stay can be lifted and you could be sent to the Department of Youth Services, a penitentiary for young people.

{¶ 31} "You could be sent away for at least six months or until you're 21. Do you understand that that can happen?"

{¶ 32} We find that this explanation of the potential consequences was insufficient because the magistrate failed to inform appellant of the correct potential penalty that he could receive if he admitted the charges. Specifically, the court told appellant that he could be "sent away for at least six months or until you're 21." In actuality, the court had the option of lifting the previous ODYS stay on the admission to unauthorized use of a motor vehicle and committing appellant for six months or until age 21, or lifting the previous ODYS stay on the admission of rape and committing appellant for three years or until age 21. It was the latter sentence that the court imposed.

{¶ 33} Consequently, we find that the court failed to adequately inform appellant regarding the consequences of his admission. Therefore, we find that the trial court failed to substantially comply with Juv.R. 29(D)(1). Appellant's

admission during adjudication must be reversed as it was not knowingly, intelligently, and voluntarily made. Appellant's second assignment of error is therefore well taken.

{¶ 34} In appellant's third assignment of error, appellant argues that the trial court committed reversible error when it failed to appoint a guardian ad litem on his behalf. We agree.

{¶ 35} R.C. 2151.281 states:

{¶ 36} "(A) The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:

{¶ 37} "* * *

{¶ 38} "(2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian."

{¶ 39} Juv.R. 4(B) states:

{¶ 40} "The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:

{¶ 41} "* * *

{¶ 42} "(2) The interests of the child and the interests of the parent may conflict."

{¶ 43} As we discussed with respect to appellant's first assignment of error, as one of appellant's victims, and as custodian of another of appellant's victims, we find that appellant's mother's interests were in conflict with those of her son. As such, we find that the trial court committed reversible error by failing to appoint a guardian ad litem as mandated by R.C. 2151.281. See *In re David Sappington* (1997), 123 Ohio App.3d 448, 452, 704 N.E.2d 339. Accordingly, we find appellant's third assignment of error well taken.

{¶ 44} On consideration whereof, this court finds that appellant was prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed. This matter is remanded to the trial court for further proceedings consistent with this decision. The state is ordered to pay the costs of this appeal for which sum judgment is rendered against the state on behalf of Lucas County and for which execution is awarded. See App.R. 24.

Judgment reversed
and cause remanded.

SINGER, P.J., and PARISH, J., concur.