DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant appeals a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated him a delinquent on a probation violation for a previous disposition of delinquency by reason of burglary, as well as on two additional misdemeanor counts of disturbing a public meeting and disorderly conduct.
 {¶ 2} On February 10, 2005, Appellant, a juvenile who was 13 years old at the time, admitted to an adjudication of delinquency by reason of burglary that had occurred in September, 2004, when Appellant was 12. Appellant was placed on six months' probation. He violated that probation three times within eighteen months of the original offense. On December 13, 2005, after Appellant's third violation and the court's order that he attend sessions at the Youth Outreach Center (Y.O.C.), he was before the court again for having failed to follow the rules of Y.O.C. His probation officer indicated that Appellant was not attending school and was not following the rules at school when he did go. In addition, he was not coming home after the Y.O.C. program, in violation of the court's previous instructions. All of this behavior constituted a probation violation. In addition to this violation, Appellant was charged with two misdemeanors, both unrelated to the original charge of burglary and both arising from his causing a disturbance at a Y.O.C. meeting by having a BB gun in his possession. He was therefore charged with disturbing a lawful meeting in violation of R.C. 2917.12, and disorderly conduct in violation of R.C. 2917.11, both fourth degree misdemeanors. For each of the appearances before the one at issue in this appeal, Appellant was represented by counsel. During the proceedings at issue here, Appellant was not represented and waived his right to counsel during the adjudicatory stage.
 {¶ 3} Appellant has timely appealed, and raises two assignments of error:
 ASSIGNMENT OF ERROR I
"The trial court violated [Appellant's] Right to Counsel and Right to Due Process under the Fifth, Sixth, andFourteenth Amendments to the United States Constitution, Article I, Section16 of the Ohio Constitution, Ohio Revised Code Section 2151.352
and Juvenile Rules 4 and 29."
 ASSIGNMENT OF ERROR II
"The juvenile court erred when it failed to credit the days [Appellant] was held in the Summit County Juvenile Detention Center toward the balance of his commitment to the Ohio Department of Youth Services in violation of R.C. 2152.18."
 {¶ 4} In Appellant's first assignment of error, he makes several arguments that he was denied his right to counsel. There are two different hearings at issue in these arguments: the adjudication hearing that took place on December 16, 2005, and the disposition hearing that was held on December 22, 2005. Appellant contends that his waiver of counsel at the adjudication hearing was invalid, and that the right to counsel should have been reiterated at the disposition hearing. We disagree with the claim that the waiver of counsel was invalid at the adjudication hearing. We agree that the right to counsel should have been reiterated at the disposition hearing, and that this case must be remanded to the trial court on those grounds.
 {¶ 5} In re Gault, (1967), 387 U.S. 1, 87 S.Ct. 1428,18 L.Ed.2d 527, established that juveniles facing possible commitment were guaranteed many of the same constitutional rights at the adjudicatory stage as were their adult counterparts, including ratification of the right to counsel and the appointment of counsel to indigent juveniles. Under R.C. 2151.352
and Juv.R. 4(A), a juvenile is entitled to representation by counsel at all stages of a delinquency proceeding. In most proceedings, with the permission of the court, a juvenile may waive the right to counsel. Juv.R. 3.
 {¶ 6} However, if a juvenile waives counsel at one stage of the proceedings, that does not preclude his asserting his right to counsel at a later stage. Juv.R. 29(B)(5). A waiver at the adjudicatory stage of a juvenile proceeding is governed by Juv.R. 29(B). Once a juvenile validly waives counsel during the adjudication hearing, he does not lose the right to request counsel for the disposition hearing, which is governed by Juv.R. 34. This court has held that the trial court must reiterate the juvenile's rights at the commencement of the disposition hearing and the juvenile must be given a new opportunity to invoke or to waive those rights. In re Sproule (Jan. 17, 2001), 9th Dist. Nos. 00CA007575, 00CA007580, at 3. See also In re Woodson
(Mar.31, 1999), 9th Dist. No. 98CA007125, at 4 (court found that reiterating rights at juvenile's disposition hearing was one factor that made the court's explanations of juvenile's rights sufficient).
 {¶ 7} In this case, Appellant clearly indicated during the adjudication hearing that he waived his right to counsel and his right to trial, and that he wished to admit to the misdemeanor counts and the probation violation. We note that the juvenile's record, to which the trial court was able to refer, indicated that Appellant was going through the process of adjudication for the fifth time. This was his fourth probation violation. He had chosen to be represented by counsel on the multiple previous occasions, but waived that right in the proceedings at issue in the instant appeal after the trial court had fully informed him of the charges he faced, the rights he had, and the result of waiving his rights.
 {¶ 8} This court has held previously that "[a] juvenile court need only substantially comply with the mandates of Juv.R. 29(D) before accepting a juvenile's admission." In re Manns (Jan. 9, 2002), 9th Dist. No. 01CA007875 at 6, citing In re Brooks
(1996), 112 Ohio App.3d 54, 57. Juv.R. 29(D) reserves to the trial court some discretion, in that it allows the court to "hear testimony, review documents, or make further inquiry, as itconsiders appropriate," or to "proceed directly to the action required by division (F) of this rule." (Emphasis added). Juv.R. 29(F) sets forth the procedures for entering an adjudication.
 {¶ 9} In the adjudication hearing in this case, the trial court engaged in the complete colloquy with Appellant. It informed Appellant of his right to counsel and his right to a trial, and Appellant indicated verbally that he understood each of these rights. Appellant's informed, knowing, and voluntary waiver of his right to counsel was then verbalized and noted on the record. It was within the court's discretion to accept Appellant's waiver without further inquiry, and its decision to do so constitutes substantial compliance with Juv.R. 29(D) in conformity with In re Manns. Appellant's claims in his first assignment of error as they relate to the adjudication hearing lack merit.
 {¶ 10} Appellant's disposition hearing was held several days after his adjudication and the waiver of his right to counsel. Although the right to counsel can be invoked by a juvenile at any stage of the proceedings, the court did not reiterate Appellant's right to counsel during disposition or allow him either to invoke or to waive his right to counsel at that stage. Therefore, Appellant's first assignment of error is sustained insofar as it pertains to his right to counsel at disposition.
 {¶ 11} Appellant contends in his second assignment of error that the court did not give him proper credit for time served when calculating his detention at the detention center. Appellant has brought to this court no record of the time he has served at the detention center, and has simply made the assertion that he is entitled to substantially more time than the trial court credited to him. It is the appellant's duty on appeal to present to the appellate court a record of the proceedings necessary for resolution of his appeal. State v. Bishop (July 19, 1995), 9th Dist. No. 16988, at 3; App.R. 9(B). However, we do not reach this assignment of error because it is rendered moot by our disposition of the first assignment of error. App.R. 12(A)(1)(c).
 {¶ 12} This court finds Appellant's first assignment of error as it relates to the disposition hearing well taken, but as it relates to the adjudication hearing we find that it lacks merit. We find that Appellant's second assignment of error is moot. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Whitmore, J. Boyle, J. concur.