DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, L.A.B., appeals the judgment of the Summit County Juvenile Court finding that he had violated the conditions of his probation. We affirm.
 I. {¶ 2} On May 31, 2006, a complaint was filed in the Summit County Juvenile Court alleging that Appellant had violated his probation by not attending the Youth Outreach Center ("YOC") on a regular basis. On June 8, 2006, Appellant appeared in court before a magistrate. Appellant was accompanied by his mother but without counsel. Appellant admitted that he had committed a *Page 2 
probation violation. The court then asked Appellant whether he wished to be represented by an attorney. Appellant stated that he wished to proceed without counsel. The court then explained Appellant's trial rights and the possible maximum penalty, which consisted of a Department of Youth Services ("DYS") commitment "for a minimum period of one year, maximum until you are 21 years old." Appellant was 13 years old at the time of the hearing. After the court accepted Appellant's admission to the probation violation, it proceeded directly to disposition.
 {¶ 3} During disposition, Appellant's probation officer recommended that Appellant "go to intensive probation, [to] see what someone with a lesser caseload can do with him, see if they can work with him." In addition, Appellant's mother voiced her opinion. She suggested that the court "be hard on him and send him where he's supposed to go." The court sentenced Appellant to the DYS for a minimum period of one year, maximum to his 21st birthday. Appellant timely appealed the court's decision, raising three assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT VIOLATED [APPELLANT'S] RIGHT TO COUNSEL AND RIGHT TO DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352, AND JUVENILE RULES 4 AND 35." *Page 3 
 {¶ 4} In Appellant's first assignment of error, he contends that the trial court violated his right to counsel and right to due process under the U.S. Constitution, Ohio Constitution, R.C. 2151.352 and Juv.R. 4 and 35. We disagree.
 {¶ 5} R.C. 2151.352 codifies a juvenile's right to counsel and states that "[i]f a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person." Juv.R. 29 governs adjudicatory hearings. Juv.R. 29(B)(3) and (4) state that "[a]t the beginning of the hearing, the court shall do all of the following: (3) [i]nform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel; (4) [a]ppoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel[.]" Juv.R. 4 states that "[e]very party shall have the right to be represented by counsel * * * if indigent * * * when a person becomes a party to a juvenile court proceeding." Juv.R. 35(B) governs revocation of probation and provides that the court may revoke probation only
 "after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified."
 {¶ 6} A juvenile may waive the right to counsel in most proceedings with permission of the court. Juv.R. 3. However, before permitting a waiver of counsel, the court has a duty to make an inquiry to determine that the *Page 4 
relinquishment is of "a fully known right" and is voluntarily, knowingly and intelligently made. In re Gault (1967), 387 U.S. 1, 42.Gault established that juveniles facing possible commitment were guaranteed many of the same constitutional rights at the adjudicatory stage as were their adult counterparts, including notification of the right to counsel and the appointment of counsel to indigent juveniles.
 {¶ 7} This Court has held that the provisions of Juv.R. 29 do not apply to probation violation hearings. In re Rogers (May 23, 2001), 9th Dist. No. 20393, at *1; In re Motley (1996), 110 Ohio App.3d 641, 642;In re Collins (Sept. 27, 1995), 9th Dist. No. 2365-M, at *2 (J. Dickinson, dissenting). Rather, we concluded that Juv.R. 35(B) applies to such hearings. Id. To the extent we have previously applied Juv.R. 29 instead of Juv.R. 35 in our review of probation violation hearings, we have erred.
 {¶ 8} In Rogers, as in this matter, the juvenile waived the right to counsel and admitted to a probation violation. Upon review, we found that the magistrate more than met the requirements of Juv.R. 35(B) where the magistrate instructed the juvenile of her right to appointed counsel as well as her right to call and cross-examine witnesses. Id. at *2.In Motley, 110 Ohio App.3d 641, 642, this Court held that the juvenile court was not required to advise the juvenile that he had a right to present evidence at the probation revocation hearing. Given our holdings in Rogers and Motley, "and the clear provisions of Juv.R. 35(B), the juvenile court *Page 5 
here was obliged only to advise [Appellant] that [he] had the right to counsel, and if appropriate, to have counsel appointed at the state's expense." Rogers, supra, at *2.
 {¶ 9} Reviewing the transcript of the probation violation hearing in the instant case, we find that the magistrate advised Appellant that he was charged with violating his probation by not attending YOC on a regular basis and specifically by missing three days in a row. The magistrate asked Appellant whether he understood that he was so charged. Appellant responded that he did. The magistrate then told Appellant he had a right to be represented by a lawyer and that if he could not afford a lawyer, the court would appoint one to represent him. Appellant indicated he understood these rights. The magistrate then asked Appellant whether he wished to be represented by a lawyer or proceed without one. Appellant stated that he wished to proceed without a lawyer. Appellant's disposition hearing was held immediately thereafter. Having reviewed the record, we find that the trial court complied with Juv.R. 35(B) in the proceeding leading to Appellant's waiver of his right to counsel.
 {¶ 10} Appellant cites In re William B., 163 Ohio App.3d 201,2005-Ohio-4428, and In re C.A.C., 2d Dist. No. 2005-CA-134-35,2006-Ohio-4003, in support of his contention that the trial court failed to properly inform him that he had a right to counsel, notwithstanding his intention to admit or deny the charge. He contends that as a result of the trial court's omission, he did not receive a full *Page 6 
and clear explanation of his right to counsel and therefore, could not have validly waived his right to counsel.
 {¶ 11} C.A.C. is inapplicable to the within matter as it involved the waiver of counsel at an adjudicatory hearing, not a probation revocation hearing. William B. is also distinguishable. Rather than ask William B. whether he wished to waive his right to counsel, the trial court told him that if he wanted his rights, he should deny the probation violation charge. William B, supra, at ¶ 20. The court found that "appellant was advised that in order to be afforded his constitutional rights, including his Sixth Amendment right to counsel, he would have to deny the charges levied against him." Id. at ¶ 23. Unlike William B., in the trial court's discussion of Appellant's right to counsel, the court did not differentiate between a juvenile who chooses to deny a charge and one who admits the charge. Id.
 {¶ 12} Appellant additionally alleges that he was not informed that he could be sentenced to the DYS until age 21 before he waived his right to counsel. Pursuant to Juv.R. 35(B), the trial court was not required to apprise Appellant of the possible punishment for his probation violation before he waived his right to counsel. Juv.R. 35(B) only requires that the juvenile be apprised of the "condition of probation" he allegedly violated and the "grounds on which revocation is proposed." Moreover, the record reflects that (1) the trial court specifically apprised Appellant of the consequences of violating probation on at least two *Page 7 
previous occasions within four months of this disposition hearing and (2) the trial court informed Appellant of these sanctions before he admitted to this offense.
 {¶ 13} Appellant further contends that the trial court violated his right to counsel by failing to obtain a second waiver of counsel at his disposition hearing. He contends that the trial court's failure to advise him of his right to counsel at the disposition hearing was reversible error, citing this Court's decision in In re S.J., 9th Dist. No. 23058, 2006-Ohio-4467. We discussed the doctrine of "substantial compliance" in S.J., supra, at ¶ 8, and found that the trial court substantially complied with the requirements for waiving counsel at S.J.'s adjudication hearing and that the juvenile properly waived his right to counsel. At the disposition hearing, held on a different day, however, we found that the trial court erred because it "did not reiterate Appellant's right to counsel during disposition or allow him either to invoke or to waive his right to counsel at that stage." Id. at ¶ 10. The situation in S.J. is distinguishable from the within matter. Appellant's adjudication hearing and disposition hearing were held as part of the same proceedings on the same day.
 {¶ 14} We find that the trial court's colloquy meets the requirements set forth in Juv.R. 35(B) and our holdings in Rogers, Collins andMotley. The trial court informed Appellant of the charge against him, advised Appellant of his right to counsel and that counsel could be appointed for him if he could not afford it. *Page 8 
Therefore, the trial court did not err by accepting Appellant's waiver of his right to counsel. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE JUVENILE COURT VIOLATED [APPELLANT'S] RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION; AND JUV.R. 35, WHEN IT FAILED TO FOLLOW THE REQUIREMENTS OF JUV.R. 35(B)."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM FOR [APPELLANT] IN VIOLATION OF OHIO REVISED CODE SECTION 2151.281(A) AND JUVENILE RULE 4(B)."
 {¶ 15} In Appellant's second assignment of error, he contends that the trial court violated his due process rights under federal and state law as well as Juv.R. 35, when the court failed to follow the requirements of Juv.R. 35(B). In Appellant's third assignment of error, he contends that the trial court erred in failing to appoint a guardian ad litem in violation of R.C. 2151.281(A) and Juv.R. 4(B). We disagree.
 {¶ 16} In the instant case, Appellant failed to object to the magistrate's decisions that culminated in the Probation Violation Order. Pursuant to Juv.R. 40(D)(3)(a) and Civ.R. 53(D)(3)(b), Appellant could have filed written objections to the magistrate's decision within fourteen days after the filing of that decision. Absent objections to the magistrate's findings or conclusions, a party shall not *Page 9 
assign as error on appeal the magistrate's findings or conclusions as stated in the decision or "`the court's adoption of any finding of fact or conclusion of law[.]'" (Emphasis omitted.) Lewis v. Savoia (Aug. 28, 1996), 9th Dist. No. 17614, at *1, quoting Civ.R. 53(E)(3)(b). See, also, Juv.R. 40(D)(3)(a) and Civ.R. 53(D)(3)(b). Due to Appellant's failure to object to the magistrate's decision, he has deprived the trial court of the opportunity to correct the alleged errors in the first instance and has thereby forfeited his right to appeal the findings and conclusions contained in the magistrate's decision. SeeIn re Etter (1998), 134 Ohio App.3d 484, 492, citing Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 121. See, also, Lewis, supra, at *1;In re Clayton (Nov. 9, 2000), 8th Dist. No. 75757, at *6 (O'Donnell, P.J., dissenting).
 {¶ 17} Initially, we must note the distinction between the waiver of an objection and the forfeiture of an objection. Although the terms are frequently used interchangeably, a waiver occurs where a party affirmatively relinquishes a right or an objection at trial; a forfeiture occurs where a party fails to assert a right or make an objection before the trial court in a timely fashion. State v.Hairston, 9th Dist. No. 05CA008768, 2006-Ohio-4925, at ¶ 9, quotingUnited States v. Olano (1993), 507 U.S. 725, 733. Where a party has forfeited an objection by failing to raise it, the objection may still be assigned as error on appeal if a showing of plain error is made.Hairston at ¶ 9, quoting State v. McKee (2001), 93 Ohio St.3d 292, 299
fn. 3 (Cook, J., dissenting); Crim.R. 52(B). Where a party *Page 10 
has affirmatively waived an objection, however, the error may not be asserted on appeal even if it does amount to plain error. Id.
 {¶ 18} This Court has applied the above-referenced doctrine where an unrepresented juvenile appeals an issue to which he failed to object in the trial court. In those instances, we have held that the juvenile waived[1] (more specifically "forfeited") his right to object to the magistrate's findings as supported by the hearing transcript. In re J-M.W., 9th Dist. Nos. 23066 23144, 2006-Ohio-6156, at ¶¶ 5-9, citing In reStanford, 9th Dist. No. 20921, 2002-Ohio-3755.
 {¶ 19} An exception to the forfeiture doctrine exists, however, if plain error is found. Etter, 134 Ohio App.3d at 492; Hairston at ¶ 9, quoting State v. McKee (2001), 93 Ohio St.3d 292, 299 fn. 3 (Cook, J., dissenting); Crim.R. 52(B). Plain error is defined as any error or defect that affects an individual's substantial rights, which is not brought to the attention of the trial court through an objection. Crim.R. 52(B). However, Appellant has neither argued plain error, nor has Appellant explained why we should delve into either of these issues for the first time on appeal. Accordingly, we decline to address these issues. Appellant's second and third assignments of error are overruled. *Page 11 
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Juvenile Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 12 
WHITMORE, P. J. DICKINSON, J. CONCUR
[1] We are mindful that this Court has frequently interchanged these terms. See Hairston, supra, at ¶ 9, quoting Olano, 507 U.S. at 733. *Page 1