DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, K.M., appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, which revoked his probation and committed him to the Ohio Department of Youth Services. This Court reverses.
 I. {¶ 2} On May 22, 2006, appellant was charged with one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree if committed by an adult; and one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fifth degree if committed by an adult. Appellant admitted to the charges, and the trial court adjudicated him delinquent. At disposition, appellant *Page 2 
was ordered to serve six months on probation, or until all orders are completed; submit to a substance abuse evaluation and follow all recommendations; and to pay restitution.
 {¶ 3} On September 29, 2006, the juvenile court found that appellant had violated the terms of his probation by being AWOL from home and placed appellant on house arrest. On October 27, 2006, the juvenile court found that appellant had again violated his probation by getting new charges for possession of marijuana and by violating his house arrest. The trial court continued appellant's probation, placed him on a suspended commitment to the Ohio Department of Youth Services, and continued his counseling with the Community Health Center, among other dispositional orders.
 {¶ 4} On December 13, 2006, the probation officer filed another probation violation, alleging that appellant violated his probation by being unsuccessfully discharged from the Community Health Center drug treatment program. On January 8, 2007, the magistrate held a preliminary hearing, at which she informed appellant of the allegation, explained his rights to be represented by an attorney and to a trial, and explained the maximum penalty appellant faced. Appellant informed the magistrate that he wanted to admit to the probation violation. The magistrate found that appellant waived his rights and admitted to the probation violation. The magistrate made no finding on the record, however, that appellant was thereby adjudicated delinquent by reason of the probation violation. The *Page 3 
magistrate further did not revoke appellant's probation at that time. Rather, she asked appellant for the reason behind his termination from the Community Health Center and inquired of the probation officer, "And what will we do at this point?" The magistrate then referred appellant to the court's Crossroads program and recognized that she could not proceed to disposition until the referral and substance abuse assessment results were obtained. The magistrate scheduled the matter for dispositional hearing on January 24, 2007. In a January 9, 2007 decision, the magistrate asserted that appellant had previously been adjudicated delinquent on the probation violation.
 {¶ 5} On January 24, 2007, the magistrate held a "dispositional" hearing at which she heard the recommendation of the probation officer and asked appellant if he had anything to say. The magistrate noted that appellant had been noncompliant with probation services and the Community Health Center. Without any recitation of rights or other colloquy with appellant, the magistrate revoked appellant's probation and imposed his suspended commitment to the Ohio Department of Youth Services.
 {¶ 6} Appellant timely appeals, raising two assignments of error for review.
 II. *Page 4 ASSIGNMENT OF ERROR I "THE TRIAL COURT VIOLATED [K.M.'S] RIGHT TO COUNSEL AND RIGHT TO DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, [O.R.C.] 2151.352, AND [JUV.R.] 4 AND 35."
 {¶ 7} Appellant argues that the trial court violated his right to counsel and right to due process under the U.S. Constitution, Ohio Constitution, R.C. 2151.352, and Juv.R. 4 and 35. This Court agrees.
 {¶ 8} R.C. 2151.352, which codifies a juvenile's right to counsel, states that "[i]f a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person." This Court has recently held that Juv.R. 29, which governs adjudicatory hearings, is inapplicable to probation violation hearings. In re: L.A.B., 9th Dist. No. 23309, 2007-Ohio-1479, at ¶ 7. Rather, we held that Juv.R. 35 shall be applied to such hearings. Id.
 {¶ 9} Juv.R. 35(B) states:
 "The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified." *Page 5 
 {¶ 10} Juv.R. 4(A) states that "[e]very party shall have the right to be represented by counsel * * * if indigent * * * when a person becomes a party to a juvenile court proceeding."
 {¶ 11} Juv.R. 3 permits a juvenile to waive the right to counsel with permission of the court in most proceedings. Before the juvenile court may permit such waiver of counsel, however, it has a duty to inquire to determine that the relinquishment is of "a fully known right" and has been made knowingly, intelligently and voluntarily. In re Gault (1967),387 U.S. 1, 42. The Gault court held that a juvenile facing a loss of liberty by way of commitment is entitled to the same right to counsel as his adult counterpart. Id. at 35.
 {¶ 12} In this case, on January 8, 2007, the juvenile court held a "preliminary hearing" after the probation officer filed a complaint alleging the probation violation. At the January 8, 2007 hearing, the magistrate explained appellant's rights to him and secured his waiver. The magistrate further noted that appellant admitted to the probation violation. The magistrate failed, however, to make the finding that appellant had violated a condition of his probation. The January 9, 2007 magistrate's decision asserts that appellant "has previously been adjudicated * * * DELINQUENT" on the instant probation violation, but the record is devoid of any such adjudication. The magistrate further issued several interim orders, including referring appellant to Crossroads and ordering that appellant be held in Detention pending the next court hearing. *Page 6 
 {¶ 13} On January 24, 2007, the juvenile court held a "dispositional hearing," at which the magistrate noted that appellant had been terminated from the Community Health Center for nonattendance and continuing to test positive for substances. The magistrate then inquired of the probation officer. The probation officer informed the magistrate that appellant had not been accepted into the Crossroads program and that he would recommend that appellant, therefore, be committed to the Ohio Department of Youth Services because of noncompliance with the terms of his probation.
 {¶ 14} The magistrate never inquired of appellant at the January 24, 2007 hearing except to ask, "K[* * *], is there anything that you want to say?" The magistrate failed to enumerate or explain any rights, including appellant's right to counsel. The magistrate failed to obtain any waiver of rights by appellant. Instead, the magistrate stated for the record that appellant had been on probation since May [2006], that he had been noncompliant generally with probation services as well as with the Community Health Center, and that he had been placed on a suspended commitment. The magistrate then ordered that she was going to revoke probation. She proceeded immediately to disposition, imposing appellant's commitment to the Ohio Department of Youth Services.
 {¶ 15} A thorough review of the record indicates that the January 8, 2007 hearing was truly preliminary in nature. The juvenile court neither found that appellant violated probation, nor did it revoke his probation at that time. Rather, *Page 7 
the court issued an interim order referring appellant to the Crossroads program, effectively continuing his probation.
 {¶ 16} This Court finds that it is the January 24, 2007 hearing at which the revocation of appellant's probation was considered. In fact, it was at this hearing when the magistrate made her findings to substantiate her decision to revoke appellant's probation. It is, therefore, the January 24, 2007 hearing which implicated the protections and requirements of Juv.R. 35(B). A thorough review of the record, however, indicates that appellant appeared without counsel and that the juvenile court failed to inform him of his right to counsel and the right to appointed counsel if he was indigent. The juvenile court, notwithstanding its assertions to the contrary in its January 30, 2007 order, failed to discuss any rights with appellant. In fact, there was no mention of counsel on the record.
 {¶ 17} This Court finds that the juvenile court's lack of colloquy with appellant at the January 24, 2007 probation revocation hearing fails to meet the requirements of Juv.R. 35. Accordingly, the juvenile court violated appellant's right to counsel. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE JUVENILE COURT VIOLATED [K.M.'S] RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION; AND JUV.R. 35, WHEN IT FAILED TO FOLLOW THE REQUIREMENTS OF JUV.R. 35(B)." *Page 8 
 {¶ 18} Appellant argues that the juvenile court violated his right to due process under the U.S. and Ohio Constitutions and Juv.R. 35(B) by failing to inquire whether appellant had been notified of the requirement that he attend the Community Health Center drug treatment program. Because our resolution of appellant's first assignment of error is dispositive of the appeal, this Court declines to address appellant's second assignment of error.
 III. {¶ l9} Appellant's first assignment of error is sustained. This Court declines to address appellant's second assignment of error. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 9 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 MOORE, J. DICKINSON, J. CONCUR *Page 1