DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} C.J. B. has appealed from a dispositional order of the Summit County Court of Common Pleas, Juvenile Division, that committed him to the custody of the Department of Youth Services after he admitted violating his probation. He has argued that the magistrate failed to properly advise him of the grounds for revocation and failed to make a finding that he had violated a condition of probation of which he had been notified as required by Rule 35(B) of the Ohio Rules of Juvenile Procedure. He did not file objections to the magistrate's decision, but has argued on appeal that the juvenile court committed plain error and his lawyer was ineffective. This Court affirms because the juvenile court substantially complied with Rule 35(B) in revoking C.J. B.'s probation. The trial court, therefore, did not commit plain error, and any deficiency in C.J. B.'s lawyer's performance could not have prejudiced him. *Page 2 
 FACTS {¶ 2} C.J. B. was adjudicated delinquent in 2006, after admitting allegations that, had he been an adult, would have constituted rape. He was placed on sex offender probation and ordered to complete sex offender treatment. In May 2007, he was charged with violating probation by committing two burglaries. He requested a competency evaluation due to cognitive deficits, was evaluated, and found competent to proceed despite an acknowledged "difficult[y] in learning and comprehension." He was adjudicated delinquent because the burglaries violated his probation. He was released to the constant supervision of his family, and his probation was continued.
 {¶ 3} In October 2007, C.J. B. was again charged with violating the terms of his probation, this time for violating various school rules and the terms of his house arrest/constant supervision. On October 30, 2007, he appeared without counsel before a magistrate who read the probation violation complaint to him. The magistrate then asked if he understood the violation, and he responded that he did. He also confirmed that he had received a copy of the complaint prior to the hearing. When C.J. B. asked the magistrate about one of the allegations, she abruptly ended the hearing, entered a denial on his behalf, and appointed a lawyer to represent him.
 {¶ 4} Nineteen days later, on November 19, 2007, C.J. B. again appeared before the magistrate. This time he was represented by a lawyer who told the court that C.J. B. intended to admit to having violated the terms of his probation. The magistrate accepted C.J. B.'s admission without first repeating the detailed allegations she had discussed with him at the prior hearing. The magistrate did, however, directly address C.J. B. and describe the hearing he would be giving up and the worst possible penalty he could receive if he admitted the violation. C.J. B. did not *Page 3 
have any questions about his rights and admitted the violation. The magistrate adjudicated him delinquent.
 {¶ 5} At the November hearing, the magistrate noted, "[b]y admitting the probation violation, [C.J.B.] is a delinquent child." She filed a magistrate's decision two days after the hearing in which she found that "[C.J.B.] violated his probation by writing a sexually explicit note to another student" and that "[h]e has been tardy to class and has missed other classes with his whereabouts unknown."
 {¶ 6} C.J. B. did not object to the magistrate's decision. The juvenile court "approved and accepted" it. In December, the juvenile court held a dispositional hearing, revoked C.J. B.'s probation, and committed him to the Department of Youth Services for a minimum of one year to a maximum term to age twenty-one.
 {¶ 7} C.J. B. has appealed, arguing that the juvenile court violated his right to due process by failing to properly advise him of the grounds for revocation of his probation and failing to make a finding that he had violated a condition of probation of which he had been properly notified as required by Rule 35(B) of the Ohio Rules of Juvenile Procedure. He has argued that the failure of the juvenile court to follow the mandates of Rule 35(B) was plain error and has requested that this Court reverse and remand his case for a new probation revocation hearing. Alternatively, he has argued that his trial counsel was ineffective for failing to object to the magistrate's decisions that led to the revocation of his probation.
 FAILURE TO OBJECT {¶ 8} This Court must first address the fact that C.J. B. did not raise these arguments in the trial court by objecting to the magistrate's decisions that culminated in the trial court's probation violation decision. A juvenile who fails to timely object to a magistrate's findings or *Page 4 
conclusions has forfeited his right to assign them as error on appeal.In re L.A.B., 9th Dist. No. 23309, 2007-Ohio-1479, at ¶ 16, discretionary appeal allowed, 114 Ohio St. 3d 1478, 2007-Ohio-3699; Juv. R. 40(D)(3)(b)(iv).
 {¶ 9} C.J. B. has argued that the juvenile court committed plain error by accepting the magistrate's decision. Plain error is an exception to the forfeiture rule. L.A.B., 2007-Ohio-1479, at ¶ 19. Thus, if a juvenile forfeits his objections by failing to timely raise them in the juvenile court, he may still assign them as error on appeal if he is able to make a showing of plain error. Id. at ¶ 17. "In a civil proceeding, plain error involves the exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself."In re Hall, 9th Dist. No. 20658, 2002 WL 388905 at *2 (Mar. 13, 2002) (citing In re Etter, 134 Ohio App. 3d 484, 492 (1998)).
 RULE 35(B): GROUNDS FOR REVOCATION OF PROBATION {¶ 10} C.J. B. has argued that the magistrate violated his right to due process by: (1) accepting his admission to alleged probation violations without properly advising him of the grounds for the proposed revocation of his probation; and (2) revoking his probation without making a finding that he had violated a condition of probation of which he had been told as required by Rule 35(B) of the Ohio Rules of Juvenile Procedure. He has argued that the failure of the magistrate to follow Rule 35(B) was plain error and has requested that this Court reverse and remand for a new probation revocation hearing.
 {¶ 11} Rule 35(B) provides that the juvenile court "shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed." According to the State, C.J. B. had notice of the grounds for revocation of his probation because he admitted he had received a copy of the probation violation motion, *Page 5 
the magistrate had read the grounds in open court at the October hearing, and C.J. B. indicated at that hearing that he understood the grounds for the motion.
 {¶ 12} Rule 29 of the Ohio Rules of Juvenile Procedure governs adjudicatory hearings for children. Part (D) of that rule requires a court to personally address the child before accepting an admission to the charges. Juv. R. 29(D). The court is required to first determine the child understands the "nature of the allegations and the consequences of the admission" as well as the fact that by admitting the allegations he is waiving his right to a hearing on the violation. Id. "An admission in a juvenile proceeding pursuant to Juv. R. 29(D) is analogous to a guilty plea made by an adult pursuant to Crim. R. 11(C)." Hall, 2002 WL 388905
at *1. Thus, the rule requires the juvenile court to "make careful inquiries in order to insure that the admission . . . is entered voluntarily, intelligently and knowingly." Id. "If the juvenile court fails to substantially comply with Juv. R. 29(D), the adjudication must be reversed so that the minor `may plead anew.'" Id. (quoting In reChristopher R, 101 Ohio App. 3d 245, 248 (1995)).
 {¶ 13} This Court has held, however, that Rule 29 does not apply to probation revocation hearings. In re L.A.B., 9th Dist. No. 23309,2007-Ohio-1479, at ¶ 7, discretionary appeal allowed,114 Ohio St. 3d 1478, 2007-Ohio-3699. Thus, the colloquy requirements of Rule 29(D) "do not apply to an admission that [a child] violated a condition of probation." In re Collins, 9th Dist. No. 2365-M, 1995 WL 569116 at *2 (Sept. 27, 1995); but see id. at *3 (Dickinson, J., dissenting). C.J. B. has argued that his right to due process was violated by the juvenile court's failure to comply with Rule 35(B) of the Rules of Juvenile Procedure, but he has supported his arguments largely with case law applying the Rule 29 analysis.
 {¶ 14} In this case, the magistrate confirmed at the initial hearing, in October 2007, that C.J. B. and his mother had received copies of the probation violation complaint by mail. The *Page 6 
complaint contained a detailed explanation of the allegations. At the October hearing, the magistrate read the allegations to C.J. B. in open court.
 THE COURT: . . . [T]his says that you have violated your probation by violating rules at school, including being tardy and unaccountable on at least seven occasions, writing sexually explicit note in class, using inappropriate language, physically assaulting another youth, touching a teacher in an inappropriate manner, and sleeping in class. It says that you violated the terms of your house arrest and constant supervision by being at a high school football game with your coach, who claimed no knowledge of you being on probation. Do you understand the violation?
 [C.J.B.]: Yes.
 {¶ 15} The magistrate advised C.J. B. of his rights to appointed counsel and to have a hearing on the charges, and she explained the maximum penalty he could anticipate if he admitted the allegations. She then asked whether he understood.
 THE COURT: Do you have any questions about your rights or about anything that I have said?
 . . . . [C.J.B.]: How about the touching the teacher part?
The court then abruptly discontinued the hearing so that counsel could be appointed to represent C.J. B.
 {¶ 16} When the hearing was reconvened in November, C.J. B. was represented by a lawyer who indicated that C.J. B. intended to admit the allegations contained in the complaint of probation violation.
 [Attorney for C.J. B.]: . . . On behalf of [C.J.B.], we've had some lengthy discussions about this matter. It is my understanding at this time that he is willing to waive his right to have a hearing on the probation violation and to admit to having violated the terms and conditions of his probation. *Page 7 
The magistrate asked him why he has so much trouble behaving himself at school. C.J. B. described at length how he copies his friends' behavior, why he passes notes in class, and why he is sometimes tardy or skips classes entirely.
 {¶ 17} At the dispositional hearing before the juvenile court in December 2007, C.J. B. spoke to the court.
 [C.J.B.]: . . . I know I been in trouble and all, but it's just . . . girls pass me notes and other boys pass me notes saying what you want to do like next period. I be like anything besides going to the next class, but I'm thinking in my head anyway, I know I'm in trouble . . . but I might not get caught. . . . I know [the other kids] ain't on probation, I know they won't get in as much trouble as I'm in right now."
 {¶ 18} C.J. B. has argued that "the grounds on which probation revocation was based should have been reiterated before accepting [the] admission." This Court does not believe Rule 35 required a reiteration of the grounds for revocation in this case. Rule 29(D)(1) forbids a juvenile court from accepting an admission without first personally addressing the child and determining that he understands "the nature of the allegations and the consequences of the admission." Rule 35, however, does not contain that prohibition.
 {¶ 19} Rule 35 provides that a court may not revoke a child's probation without first holding a hearing at which the child is "apprised of the grounds on which revocation is proposed." The allegations were quite specific and the court read those allegations to C.J. B. in open court. C.J. B. demonstrated that he had listened and understood the allegations, except "the touching the teacher part." Counsel was then appointed for him.
 {¶ 20} The juvenile court met the basic requirements of Rule 35(B). It did not revoke C.J. B.'s probation until after he had been present at a hearing at which the court addressed him directly and read the detailed allegations of the probation violation from the complaint. *Page 8 
 {¶ 21} During the November hearing, C.J. B. engaged in a detailed discussion with the magistrate regarding how he repeatedly gets into the sort of trouble described in the probation violation complaint. Again at the dispositional hearing, he described to the court how he gets into trouble at school, especially in regard to passing notes and skipping class. Despite the gap between hearings in this case, C.J. B. demonstrated that he understood the grounds for the revocation of his probation. C.J. B. has failed to show plain error as the juvenile court substantially complied with the provisions of Rule 35(B) requiring notice of the grounds for revocation of probation.
 RULE 35(B): FINDING A PROBATION VIOLATION {¶ 22} Rule 35(B) of the Ohio Rules of Juvenile Procedure requires that, "[probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv. R. 34(C), been notified." Rule 34 governs dispositional hearings and part (C) requires that if a child is put on probation "the child shall receive a written statement of the conditions of probation." Juv. R. 34(C).
 {¶ 23} As part of his first assignment of error, C.J. B. mentioned that the juvenile court incorrectly revoked his probation because it "failed to make a specific finding [pursuant to Rule 35(B)] that C.J. B. violated a condition of probation of which he was properly notified." C.J. B. failed to support this assertion with any argument and failed to point to places in the record showing that the juvenile court failed to comply with this requirement of Rule 35(B).
 {¶ 24} "An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support." Hammond v. Harm, 9th Dist. No. 23993, 2008-Ohio-2310, at¶ 6. "If an argument exists that can support this assignment of error, it is not *Page 9 
this Court's duty to root it out." Cardone v. Cardone, 9th Dist. No. 18349, 1998 WL 224934 at *8 (May 6, 1998).
 {¶ 25} The juvenile court opened the dispositional hearing on the probation violation in December 2007 by stating that the hearing was being held because "[t]his matter had previously been before [a magistrate] on a probation violation that [C.J.B.] admitted to. . . ." Additionally, the magistrate's decision of November 21, 2007, and the juvenile court's order of December 11, 2007, reflect that the court specifically found that C.J. B. violated his probation. He has not suggested that he was not properly notified of the conditions of his probation in conjunction with the dispositional hearing on the rape charge in September 2006. To the extent that C.J. B.'s first assignment of error is related to his statement that the trial court failed to specifically find that he had violated a condition of probation of which he had been properly notified, it is overruled.
 INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 26} C.J. B.'s second assignment of error is that his counsel was ineffective for failing to object to the magistrate's decision at the adjudication phase. To succeed on this assignment, C.J. B. would have to demonstrate that his lawyer's performance was deficient and that he was prejudiced by that deficiency. Strickland v. Washington, 466 U.S. 668,687 (1984). "To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" State v. Bradley, 42 Ohio St. 3d 136, 142
(1989) (quoting Strickland, 466 U.S. at 694).
 {¶ 27} This Court has determined that the juvenile court substantially complied with Rule 35(B) of the Ohio Rules of Juvenile Procedure in revoking C.J. B.'s probation. Therefore, *Page 10 
he is unable to prove that his lawyer's failure to object to the magistrate's decisions prejudiced his case.
 CONCLUSION {¶ 28} This Court affirms because the juvenile court substantially complied with Rule 35(B) in revoking CJ.B.'s probation. Therefore, there was no plain error and any deficiency in his lawyer's performance could not have caused prejudice as required for reversal based on a claim of ineffective assistance of counsel. The judgment of the Summit County Common Pleas Court, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR. *Page 1