**In re MOTLEY.**

[Cite as *In re Motley* (1996), 110 Ohio App.3d 641.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17509.

Decided May 1, 1996.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *William D. Wellemeyer*, Assistant Prosecuting Attorney, for appellee.

*John Clark*, for appellant.

REECE, Judge.

Defendant, Kenneth Motley, appeals the dispositional order of the Summit County Juvenile Court that committed him to the custody of the Department of Youth Services for violating his probation. We affirm.

The juvenile court found Motley to be a delinquent child by reason of receiving stolen property, a felony of the third degree if committed by an adult. The juvenile court placed Motley on probation. Motley violated his probation several times. At the probation hearing which gave rise to this appeal, the juvenile court magistrate explained certain rights to Motley before entertaining his plea of guilty. The court stated, "Kenny here has a right to an attorney. He has a right to remain silent. He has a right to a trial, and a right to face his accuser. If he

gives up those rights, and enters an admission to the charge, he gives up his right to an appeal." Motley affirmatively responded to the court's inquiry as to whether he understood his rights. Motley then pleaded guilty to violating his probation. The magistrate then recommended revocation of his probation and commitment to the Department of Youth Services for a period of no less than six months and not extending beyond his twenty-first birthday. The juvenile court adopted this recommendation and ordered it into effect.

Motley appeals the court's order of commitment and raises one assignment of error. Motley contends that the court violated his right to due process by failing to advise him of the consequences of his plea and right to present evidence before accepting his plea. Motley argues that due process requires a voluntary and intelligent waiver of his rights and therefore the juvenile court should have advised him of the consequences and the right to present evidence in order to ensure a voluntary and intelligent waiver of those rights. See *In re Collins* (Sept. 27, 1995), Medina App. No. 2365–M, unreported, 1995 WL 569116 (Dickinson, J., dissenting).

This court in *Collins* rejected assertions like those raised by Motley. In that case, Collins argued that the juvenile court should follow Juv.R. 29(D) when revoking probation. Juv.R. 29(D) mandates that the juvenile court engage the juvenile in a discussion, informing the juvenile of his or her rights prior to accepting a plea to the charge of delinquency. This court determined that Juv.R. 29(D) applied only to the juvenile's admission to the original delinquency charge and not to a hearing concerning the revocation of probation. *Id.* at 4–5. We determined that at a hearing for a probation violation Juv.R. 35(B) governs and does not impose a requirement upon the juvenile court to inform the juvenile that he or she is waiving certain rights. *Id.*

This court chooses not to reverse *Collins*. Consequently, *Collins* controls the disposition of Motley's appeal. Therefore, the juvenile court did not err by failing to inform Motley of the consequences of his plea and the right to present evidence during the hearing to revoke probation.

Accordingly, the appellant's assignment of error is overruled. The judgment of the juvenile court is affirmed.

*Judgment accordingly.*

BAIRD, P.J., and DICKINSON, J., concur.

DICKINSON, J. concurring.

I concur based upon *stare decisis*.