OPINION
This appeal arises from the Judgment Entry of the Van Wert County Court of Common Pleas, Juvenile Division, revoking Appellant's probation and ordering Appellant to serve an indefinite term in the Department of Youth Services ("DYS). The salient facts are as follows.
On December 29, 1995, Appellant, Scott B. Chesbro, was adjudicated a juvenile delinquent and sentenced, inter alia, to serve probation until December 31, 1996 or until released from the Sex Offender Program, whichever occurred first. The juvenile court also sentenced Appellant to serve a minimum of one (1) year to a maximum of age twenty-one (21) in the DYS. The DYS sentence was suspended.
On June 6, 1996, a Complaint was filed alleging that Appellant violated the terms of his probation. On September 19, 1996 a Judgment Entry was filed wherein the trial court concluded that Appellant violated the terms of his probation and ordered, interalia, that "[t]he child is placed on probation until further order of the Court under the Standard Rules and Conditions of Van Wert County Juvenile Court."
On September 16, 1997 a Complaint was filed alleging again that Appellant violated the terms of his probation. Following a hearing wherein Appellant admitted to the violations, a Judgment Entry was filed ordering, inter alia, that the originally suspended DYS sentence be revoked.
Appellant now brings this appeal, prosecuting two assignments of error. In the interest of clarity and logic, we will address the assignments of error in an order other than that presented by Appellant.
Assignment Of Error Number Two
 The Trial Court erred to the prejudice of the Appellant by imposing a commitment to the Department of Youth Services after probation on the charge had been completed.
In this assignment of error Appellant asserts that his probation, originally imposed on December 29, 1995, actually ended on December 31, 1996. That is, the Judgment Entry entered in case #95-J-314 provided, inter alia, Appellant was to be placed on probation until December 31, 1996 or until released from the Sex Offender Program, whichever occurred first. It follows, according to Appellant, that on October 21, 1997, when the trial court revoked the previously suspended DYS sentence because of the probation violations, Appellant was actually not on probation. We conclude however that his original probation, scheduled to terminate no later than December 31, 1996, was in fact extended.
On June 6, 1996, a Complaint was filed alleging that Appellant violated his probation, the terms of which were established in the December 29, 1995 Judgment Entry. (See "Complaint," dated June 6, 1996, Case #96-J-139). On September 19, 1996 a Judgment Entry was filed wherein the trial court concluded that Appellant had violated the terms of his probation and ordered, inter alia, that "[t]he child is placed on probation until further order of the Court under the Standard Rules and Conditions of Van Wert County Juvenile Court." (See "Judgment Entry," dated Sept. 19, 1996, Case #96-J-139). Consequently, the Court's original order providing that the probation was to terminate no later than December 31, 1996 was modified so that the probation was to continue indefinitely. A thorough review of the record indicates that subsequent to the September 19, 1996 Judgment Entry wherein the probation was extended, the trial court has not ordered that the probation terminate.
In sum, Appellant's original probation had been extended by a subsequent order of the Trial Court. Further, the terms of the probation were still in effect as of the October 21, 1997 Judgment Entry. Therefore, we hold the Trial Court did not err to the prejudice of Appellant by revoking the previously suspended DYS sentence because Appellant violated the terms of his probation. Accordingly, Appellant's Second Assignment of Error is without merit.
Assignment Of Error Number One
 The Trial Court erred to the prejudice of Appellant by failing to comply with Juv.R.29(D)(1) when it accepted his admission to the probation violations set forth in Case No. 97100296.
The crux of Appellant's First Assignment of Error is that because he was not afforded certain plea acceptance procedures, his admission made at the October 21, 1997 hearing was neither voluntary nor knowing. Appellant argues that the requirements of Juv.R.29(C) apply to a probation revocation hearing and therefore, by analogy, the plea acceptance procedures of Crim.R.11 would apply.
Contrary to Appellant's argument, Juv.R. 29 standards for entering admissions do not apply to probation revocation proceedings under Juv.R. 35(B). See, In re Motley (1996),110 Ohio App.3d 641. This Court has ruled on this precise issue. InRe Griffin (Sept. 27, 1996), Union App. 14-96-14, unreported.
A probation revocation proceeding is not part of a criminal proceeding, Morrissey v. Brewer (1972), 408 U.S. 471, 482, and, although juvenile parole revocation hearings are subject to due process requirements, such hearings are fundamentally different from those hearings concerning the juvenile's original adjudication giving rise to the probation terms. The full range of due process rights required in prosecution and trial are not required in revocation hearings. Morrissey, supra, at 480. Grafting the requirements of Juv.R. 29 onto probation revocation proceedings would improperly elevate those proceedings to the status of a criminal proceeding.
We pause to comment that were we to conclude that the requirements of Juv.R. 29 applied to juvenile revocation proceedings, the record reveals that the juvenile court conducted the colloquy implied by the rule. See, Transcript, pages 2-5. That is, the court advised Appellant of the grounds on which revocation was proposed, listed each charge separately, advised Appellant that the proposed penalty was imposition of the previously suspended commitment to the Department of Youth Services, advised Appellant of other possible penalties, and advised Appellant of his right to have an attorney present and his right to remain silent. During all, the court repeatedly inquired to ensure itself that Appellant understood his rights. Appellant then admitted to the charges against him. The court then inquired as to whether Appellant understood that by admitting to the charges he was waiving his right to challenge the evidence and witnesses, his right to remain silent, his right to present witnesses, and his right to force the state to prove the charges beyond a reasonable doubt. Appellant replied without exception that he understood each right and that by admitting the allegations he was waiving those rights.
Such an extensive colloquy between the court and Appellant would certainly satisfy the requirements of Juv.R. 29. Consequently, had we concluded that Juv.R. 29 applied to the parole revocation hearing, we would assuredly hold that the court satisfied the requirements of the rule.
Because Appellant's reliance on Juv.R. 29 is misplaced, his Second Assignment of Error is overruled. Defendant's two assignments of error being overruled, the judgment of the Van Wert County Common Pleas Court, Juvenile Division is affirmed.
Judgments affirmed.
 HADLEY, P.J., and SHAW, J., concur.