This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Fawn Rogers appeals the decision of the Summit County Court of Common Pleas, Juvenile Division, which revoked Rogers' probation and returned her to detention, following a hearing on a probation violation. This court affirms.
Fawn Rogers was charged in juvenile court with two counts of rape of her two cousins. On October 27, 1999, Fawn Rogers admitted to the two counts of rape. On January 26, 2000, the juvenile court committed Rogers to the Department of Youth Services ("DYS"), but suspended the commitment and imposed conditions of probation on her. On February 22, 2000, Rogers' probation officer filed a probation violation and a hearing was held on the same date. On February 27, 2000, the juvenile court committed Rogers to the custody of DYS for a term from one year up to a maximum term not to exceed her twenty-first birthday on September 30, 2003. However, on August 30, 2000, the court granted Rogers' request for early release, effective October 31, 2000. Conditions of probation were imposed, and on November 16, 2000, Rogers' probation officer filed a complaint of probation violation.
At a hearing on the second probation violation, Rogers was advised of her constitutional rights, including the right to appointed counsel, if appropriate. Rogers waived the right to counsel and admitted to the probation violation. On November 21, 2000, the court revoked probation and re-committed Rogers to DYS for the same term imposed in February.
Rogers filed the instant appeal, arguing that the court erred by failing to adhere to the requirements of Juv.R. 29 at the probation revocation hearing.
Juv. R. 29(B) requires the court to: inform the juvenile of the substance of the complaint, the purpose of the hearing, and the consequences of the hearing; inform an unrepresented juvenile of the right to counsel; determine if the juvenile waives the right to counsel; inform the juvenile of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent; and appoint counsel if the right to counsel is not waived.
Rogers concedes that at the magistrate's hearing on the probation violation, the magistrate informed her of all her rights, pursuant to Juv.R. 29, but she asserts that the magistrate did not thoroughly probe whether Rogers' waiver of the various rights was made knowingly.
This court has held that the provisions of Juv.R. 29 do not apply to probation violation hearings. In re Motley (1996), 110 Ohio App.3d 641,642. Rather, we concluded that Juv.R. 35(B) applies to such hearings.Id. Juv.R. 35(B) provides that the court may revoke probation only
 after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv. R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv. R. 34(C), been notified.
 This court concluded in Motley that the juvenile court was not required to advise the juvenile that he had a right to present evidence at the hearing. Motley, 110 Ohio App.3d at 642. Given our holding in Motley and the clear provisions of Juv.R. 35(B), the juvenile court here was obliged only to advise Rogers that she had the right to counsel, and if appropriate, to have counsel appointed at state's expense.
Reviewing the transcript of the probation violation hearing in the instant case, we find that the magistrate advised Rogers:
 You have the right to an attorney. If you cannot afford an attorney, the court will appoint you an attorney at no cost to you. An attorney, of course, is somebody that knows the law, can investigate what happened, and give you advice and recommendations on how to proceed, and if it's necessary, to have a trial or to represent you at a trial. As I stated, that if you can't afford an attorney, you get one for free, the court will appoint you one.
 The magistrate then went on to list numerous other rights, including the right to remain silent and the right to call and cross-examine witnesses. At the end of this recitation, the magistrate asked Rogers if she had any questions about her rights. Rogers stated that she understood her rights and that she did not want an attorney. Rogers also stated that she admitted the probation violation, and that she was waiving her rights "knowingly, intelligently and voluntarily."
The magistrate's locution more than meets the requirements outlined in Juv.R. 35(B) and our holding in Motley. Rogers' assignment of error is meritless and it is overruled.
The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., WHITMORE, J. CONCUR.