OPINION
{¶ 1} This is an accelerated appeal[1] in which appellant, J.B., appeals his adjudication in the Clermont County Court of Common Pleas, Juvenile Division, as a delinquent by reason of receiving stolen property, and the dispositional order of the Brown County Court of Common Pleas, Juvenile Division, committing him to the Ohio Department of Youth Services ("DYS") after he admitted violating his probation in another case.
 {¶ 2} On July 19, 2004, at a hearing before the Clermont County Juvenile Court, appellant was adjudicated a delinquent after he admitted to the charge of receiving stolen property. The disposition of that case was referred to the Brown County Juvenile Court. On August 3, 2004, appellant was brought before the Brown County Juvenile Court for the disposition in the receiving stolen property case, and for a probation violation in another case. Appellant admitted violating his probation and the court committed him to the custody of DYS on both cases for a period of no less than six months and not extending beyond his 21st birthday.
 {¶ 3} Appellant's first assignment of error[2] contends that the Clermont County Juvenile Court violated Juv.R. 29(B) when it accepted appellant's admission to the charge of receiving stolen property without determining whether appellant was waiving his right to an attorney. The record supports this contention, and the state concedes that the Clermont County Juvenile Court at no time either asked appellant whether he wanted to waive his right to an attorney or secured a written waiver of counsel from appellant. Appellant's first assignment of error is therefore sustained.
 {¶ 4} Appellant's second assignment of error contends that the Brown County Juvenile Court erred by failing to adhere to the requirements of Juv.R. 29(B) and (D) at the probation revocation hearing. The assignment of error is overruled on the ground that Juv.R. 29 does not apply to probation violation hearings. Rather, Juv.R. 35 applies to such hearings. See In re Motley (1996), 110 Ohio App.3d 641; In re Rogers (May 23, 2001), Summit App. No. 20393. Juv.R. 35(B) states that a juvenile court may revoke probation only "after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A)." After reviewing the transcript of the probation violation hearing, we find that the Brown County Juvenile Court complied with Juv.R. 35.
 {¶ 5} The Clermont County Juvenile Court's finding of delinquency by reason of receiving stolen property is reversed, appellant's admission to that charge is vacated, and the cause is remanded to the trial court for further proceedings according to law and consistent with this opinion. The Brown County Juvenile Court's revocation of appellant's probation after he admitted violating his probation is affirmed.
Walsh, P.J., and Bressler, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.
[2] We note that appellant's appellate brief raises two issues rather than two assignments of error as required under Loc.R. 11. We construe appellant's issues as assignments of error.