OPINION *Page 2 
{¶ 1} Appellant Ian Douglas Kirby appeals from the December 19, 2005, Judgment Entry of the Richland County Court of Common Pleas, Juvenile Division, in Case No. 2005-TR-00810 and the December 20, 2005, Judgment Entry of the Richland County Court of Common Pleas, Juvenile Division, in Case No. 2002-DEL-02277.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 9, 2002, a complaint was filed in Case No. 2002-DEL-02277 alleging that appellant Ian Douglas Kirby (DOB 5/15/89) was a delinquent child. The complaint alleged that appellant had committed one count of rape in violation of R.C. 2907.02(A)(1)(b) and2152.02(F)(1), a felony of the first degree if committed by an adult, and one count of gross sexual imposition in violation of R.C.2907.05(A)(4) and 2152.02(F)(1), a felony of the third degree if committed by an adult. On January 7, 2003, appellant entered an admission to both counts. A dispositional hearing was set for February 18, 2003.
 {¶ 3} At the hearing on February 18, 2003, the trial court granted the State's motion to dismiss the charge of gross sexual imposition. Pursuant to a Judgment Entry filed on the same day, appellant was committed to the legal custody of the Ohio Department of Youth Services (DYS) for an indeterminate period of one year to age twenty-one. The sentence was then suspended and appellant was placed on probation. As a condition of probation, appellant was prohibited from viewing or possessing any sexually explicit material or having the same in his home and from using the Internet unsupervised. *Page 3 
 {¶ 4} Subsequently, on November 28, 2005, a complaint was filed in Case No. 2005-TR-00810 alleging that appellant operated a motor vehicle without a valid license in violation of R.C. 4510.12(A) and failed to comply with signal or order of a police officer in violation of R.C.2921.331. At a hearing held on November 29, 2005, a denial to both charges was entered on behalf of appellant and a pretrial was scheduled for December 14, 2005.
 {¶ 5} On December 7, 2005, a complaint was filed against appellant in Case No. 2002-DEL-02277 alleging that appellant had violated his probation in such case on or about November 23, 2005, "by virtue of failure to comply with Court order, To Wit: BY VIEWING AND POSSESSING SEXUALLY EXPLICIT MATERIALS, in violation of Section 2152.02(F)(2) of the ORC." An adjudicatory hearing was scheduled for December 14, 2005.
 {¶ 6} Thereafter, on December 14, 2005, appellant admitted to both counts of the complaint filed in Case No. 2005-TR-00810 and was deemed to be a juvenile traffic offender. On the same date, appellant admitted to violating his probation in Case No. 2002-DEL-02277 by viewing and possessing sexually explicit materials and was found to be delinquent. A dispositional hearing in both cases was scheduled for December 19, 2005.
 {¶ 7} Pursuant to a Judgment Entry filed on December 19, 2005 in Case No. 2005-TR-00810, the trial court suspended appellant's right to apply for a driver's license or permit until further order of court, ordered appellant to serve ninety days (90) in detention and then suspended the same, and ordered appellant to submit to random urinalysis. *Page 4 
 {¶ 8} As memorialized in a Judgment Entry filed on December 20, 2005, in Case No. 2002-DEL-02277, the trial court committed appellant to DYS for an indeterminate period of one year to age twenty-one.
 {¶ 9} Appellant now appeals from the trial court's December 19, 2005 Judgment Entry in Case No. 2005-TR-00810. Such case has been assigned Case No. 06-CA-91. Appellant also appeals from the trial court's December 20, 2005 Judgment Entry in Case No. 2002-DEL-02277. Such case has been assigned Case No. 06-CA-06. The two cases were consolidated by this Court.
 {¶ 10} Appellant specifically raises the following assignments of error on appeal
 {¶ 11} "I. THE JUVENILE COURT VIOLATED IAN KIRBY'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION; AND JUV.R. 35, WHEN IT FAILED TO FOLLOW THE REQUIREMENTS OF JUV.R. 35(B).
 {¶ 12} "II. THE TRIAL COURT ERRED WHEN IT DEPRIVED IAN DOUGLAS KIRBY OF HIS RIGHT TO APPLY FOR DRIVING PRIVILEGES, WHEN IT ORDERED IAN TO SERVE NINETY DAYS IN DETENTION, AND WHEN IT ORDERED IAN TO SUBMIT TO RANDOM URINALYSIS, BECAUSE THE OHIO REVISED CODE DOES NOT PROVIDE FOR SUCH SANCTIONS AS DISPOSITIONAL OPTIONS FOR IAN'S OFFENSE. R.C. 2152.21;IN RE SPEARS, 5TH DIST. NO 2005-CA-93, 2006-OHIO-1920; (A-8).
 {¶ 13} "III. IAN KIRBY WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND *Page 5 FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION."
 I {¶ 14} Appellant, in his first assignment of error, argues that the trial court violated his right to due process in Case No. 2002-DEL-02277 by failing to comply with the requirements of Juv.R. 35(B). We agree.
 {¶ 15} In In re Gault (1967), 387 U.S. 1, 87 S.Ct. 1428, the United States Supreme Court held that juveniles facing possible commitment must be afforded the protections of the Due Process Clause of theFourteenth Amendment. As noted by the court in In re Royal (1999),132 Ohio App.3d 496, 507, 725 N.E.2d 685, "Juv.R. 35(B) recognizes a juvenile's due process rights through its requirements."
 {¶ 16} Revocation of probation proceedings are governed by Juv.R. 35(B). Such section reads: "Revocation of probation. The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv. R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified."
 {¶ 17} As noted by this Court in In re Samara Dillard, Stark App. No. 2001 CA 00121, 2001-Ohio-1897, "Juv. R. 35(B) directs a court not to revoke probation except after a hearing at which the juvenile is present and has been informed of the grounds on which the revocation is proposed." Id. at 3. A court commits reversible error if it fails to comply with the requirements of Juv.R. 35(B). Id. at 3. See In reRoyal, supra. *Page 6 
 {¶ 18} We find, upon our review of the record in the case sub judice, that the trial court did not adequately apprise appellant of the grounds upon which probation revocation was proposed. As is stated above, on December 7, 2005, a complaint was filed against appellant in Case No. 2002-DEL-02277 alleging that appellant had violated his probation in such case "by virtue of failure to comply with Court order, To Wit: BY VIEWING AND POSSESSING SEXUALLY EXPLICIT MATERIALS." An adjudicatory hearing was scheduled for December 14, 2005.
 {¶ 19} At the hearing on December 14, 2005, the trial court stated that "this is the probation violation adjudicatory hearing for uh, uh probation violation #7, failure to comply with rules of probation, . . . " Transcript of Dec. 14, 2005 hearing at 2. The trial court further stated on the record, in relevant part, as follows:
 {¶ 20} "The Court: I don't seem to have the probation violation charge before me, but it's [sic] failure to comply with uh probation rules.
 {¶ 21} "Mr. Fry [appellant's counsel]: I don't have that either, Judge.
 {¶ 22} "Ms. Pitzer: Rules of probation.
 {¶ 23} "The Court: So the question is whether there needs to be any explanation on that, Attorney Fry.
 {¶ 24} "Mr. Fry: No, Your Honor, we'll waive any kind of explanation or reading on the probation violation.
 {¶ 25} "The Court: All right. So noted as a matter of record. So you have the probation violation, you have the receiving stolen property,[1] and then you have the fleeing case and operating without a license. Do you understand that? *Page 7 
 {¶ 26} "Ian Douglas Kirby: Yes, sir." Transcript of Dec. 14, 2005, hearing at 5.
 {¶ 27} In accepting appellant's admission to the probation violation, the trial court asked appellant if "for the probation violation in Case No. 2002-DEL-02277, probation violation #7, failure to comply with rules of probation, do you admit or deny?" Transcript of Dec. 14, 2005, hearing at 11. Appellant then admitted the same.
 {¶ 28} Based on the foregoing, we find that the trial court did not advise appellant of the grounds upon which revocation of his probation was proposed. As noted by appellee, the trial court never mentioned the condition of probation that appellant allegedly violated at any time during the hearing. The trial court did not have the probation violation charge before him at the time of the hearing and thus failed to explain the same to appellant. We find, therefore, that Juv.R. 35(B) was not complied with and that appellant's due process rights were violated.
 {¶ 29} Appellant's first assignment of error is, therefore, sustained.
 II {¶ 30} Appellant, in his second assignment of error, argues that, in Case No. 2005-TR-00810, the trial court erred when it imposed sanctions on him that are not provided for in R.C. 2152.21. We agree. We note that appellee State of Ohio, in its brief, concedes that the trial court erred in imposing the challenged sanctions on appellant.
 {¶ 31} Appellant was found to be a juvenile traffic offender in Case No. 2005-TR-00810. Pursuant to a Judgment Entry filed on December 19, 2005 in such case, the trial court suspended appellant's right to apply for a driver's license or permit until further *Page 8 
order of court, ordered appellant to serve ninety days (90) in detention and then suspended the same, and ordered appellant to submit to random urinalysis.
 {¶ 32} R.C. 2152.21 states, in relevant part, as follows: (A) Unless division (C) of this section applies, if a child is adjudicated a juvenile traffic offender, the court may make any of the following orders of disposition:
 {¶ 33} "(1) Impose costs and one or more financial sanctions in accordance with section 2152.20 of the Revised Code;
 {¶ 34} "(2) Suspend the child's driver's license, probationary driver's license, or temporary instruction permit for a definite period not exceeding two years or suspend the registration of all motor vehicles registered in the name of the child for a definite period not exceeding two years. A child whose license or permit is so suspended is ineligible for issuance of a license or permit during the period of suspension. At the end of the period of suspension, the child shall not be reissued a license or permit until the child has paid any applicable reinstatement fee and complied with all requirements governing license reinstatement.
 {¶ 35} "(3) Place the child on community control;
 {¶ 36} "(4) If the child is adjudicated a juvenile traffic offender for an act other than an act that would be a minor misdemeanor if committed by an adult and other than an act that could be disposed of by the juvenile traffic violations bureau serving the court under Traffic Rule 13.1 if the court has established a juvenile traffic violations bureau, require the child to make restitution pursuant to division (A)(3) of section 2152.20 of the Revised Code; . . . " *Page 9 
 {¶ 37} While appellant's right to apply for a driver's license or permit was suspended by the trial court, we find that the trial court did not have authorization to do so. R.C. 2152.21(A)(2) permits a trial court to suspend a child's driver's license, probationary driver's license, or temporary instruction permit. Appellant did not have a driver's license or a permit. The trial court could not suspend appellant's right to apply for driving privileges under such section. See In re Spears; Licking App. No. 2005-CA-93, 2006-Ohio-1920, reversed on other grounds 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177. This Court, in Spears, noted that the legislature, in R.C. 2152.19, had granted juvenile courts the right to suspend a juvenile's driver's license or ability to obtain the same in certain specific situations. This Court held that, because none of the situations applied, the trial court had no authority to suspend the appellant's future right to obtain a driver's license.
 {¶ 38} We further find that the trial court lacked authority to sentence appellant to ninety days in detention. R.C. 2152.21(A)(5)(a) gives a trial court authority to commit a child to a detention facility for no longer than five days if the "child is adjudicated a juvenile traffic offender for committing a violation of division (A) of section4511.19 of the Revised Code or of a municipal ordinance that is substantially equivalent to that division . . . " In addition, R.C.2152.21(A)(6) states as follows: "(6) If, after making a disposition under divisions (A)(1) to (5) of this section, the court finds upon further hearing that the child has failed to comply with the orders of the court and the child's operation of a motor vehicle constitutes the child a danger to the child and to others, the court may make any disposition authorized by divisions (A)(1), (4), (5), and (8) of section2152.19 of the Revised Code, except that the child may not be committed to or *Page 10 
placed in a secure correctional facility unless authorized by division (A)(5) of this section, and commitment to or placement in a detention facility may not exceed twenty-four hours."
 {¶ 39} R.C. 2152.21(A)(5)(a) and 2152.21(6) are inapplicable. Appellant was not adjudicated a traffic offender for committing a violation of R.C. 4511.19(A) and, since this was the initial disposition of the court as to the traffic offenses, the court could not find that appellant had violated prior orders of the court for these offenses.
 {¶ 40} Finally, while the trial court, in its December 19, 2005, Judgment Entry, ordered appellant to submit to random urine screens, we note that there is no such sanction authorized by R.C. 2152.21. We further note that the trial court did not place appellant on community control and, therefore, could not have ordered random urine screens as a condition of community control.
 {¶ 41} Appellant's second assignment of error is, therefore, sustained.
 III {¶ 42} Appellant, in his third assignment of error, argues that he was deprived of his right to effective assistance of trial counsel.
 {¶ 43} "A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. *Page 11 
 {¶ 44} "In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, supra at 142,538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, there is a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 45} "In order to warrant a reversal, appellant must additionally show he was prejudiced by counsel's ineffectiveness. `Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel.' State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965, (citing Lockhart v. Fretwell (1993), 506 U.S. 364, 370,113 S.Ct. 838, 122 L.Ed.2d 180). Further, both the United States Supreme Court and the Ohio Supreme Court have held that a reviewing court `need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.' Bradley, supra. at 143, 538 N.E.2d 373 (quotingStrickland, supra. at 697)." State v. Rembert, Richland App. No. 04 CA 66, 2005-Ohio-4718, at ¶¶ 18-20.
 {¶ 46} In the case sub judice, appellant specifically contends that his trial counsel was ineffective in failing, in Case No. 2002-DEL-02277, to object to the trial court's failure to adhere to Juv.R. 35(B) and, in Case No. 2005-TR-00810, to object to the trial court's imposition of sanctions that were not authorized by R.C.2152.21. *Page 12 
 {¶ 47} Having sustained both of appellant's assignments of errors, appellant's third assignment of error is moot. See State v. Redman, Stark App. No. 2002CA00097, 2003-Ohio-646.
 {¶ 48} Accordingly, the judgment of the Richland County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded to the trial court for further proceedings.
 By: Edwards, P. J. Farmer, J. and Delaney, J. concur *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas, Juvenile Division, is reversed and remanded. Costs assessed to appellee.
[1] Appellant was charged with receiving stolen property in Case No. 2005-DEL-01210 and was committed to the Ohio Department of Youth Services on such charge for an indeterminate period of time of 6 months to age 21. The trial court further ordered that such commitment run consecutively to the imposed commitment in Case No. 2002-DEL-02277. The court suspended disposition of such commitment under specified terms and conditions. Appellant has not appealed Case No. 2005-DEL-01210. *Page 1