OPINION
{¶ 1} Appellant, J.G., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, revoking his probation. For the reasons set forth below, we affirm the juvenile court's decision.
 {¶ 2} J.G. was adjudicated delinquent on October 19, 2006, for committing the offense of rape. The juvenile court ordered J.G. committed to the Ohio Department of Youth *Page 2 
Services ("DYS") for a minimum term of 24 months, maximum of his 21st birthday, but suspended such commitment conditioned upon J.G.'s compliance with court orders and probation rules. J.G. was placed on official probation and placed in the Butler County Regional Rehabilitation Center. He was also provided with a written list of probation rules, which he signed.
 {¶ 3} On August 15, 2007, a complaint was filed in the juvenile court alleging J.G. was "in violation of his probation due to failing to follow the rules of the Butler County Juvenile Rehabilitation Center. While on a home pass away from the center [J.G.] failed to follow the terms and conditions of house arrest." The juvenile court held a hearing on the probation violation on August 16, 2007, but set the matter for a hearing on a subsequent date because J.G. was not represented by counsel. The court issued an order indicating that during the hearing, "the child was advised as to the nature of the charge filed; the child was advised of the right to counsel and to court appointed counsel. No plea was entered." A transcript of the August 16, 2007 hearing was not provided to this court on appeal.
 {¶ 4} On September 4, 2007, the juvenile court held an adjudicatory hearing on a separate offense,[1] as well as the probation violation charge, at which J.G. was represented by counsel. Shortly after the commencement of the hearing, J.G.'s counsel entered a plea of true to the probation violation on J.G.'s behalf, after which the court addressed J.G. directly:
 {¶ 5} "BY THE COURT: You understand your attorney just entered true pleas on your behalf as to these two (2) charges; the one's that's been amended and the Violation of Probation. Is that what you want him to do?
 {¶ 6} "[J.G.]: Yes, sir. * * *
 {¶ 7} "BY THE COURT: You understand on the Violation of Probation, your probation *Page 3 
can be revoked and you can be sentenced to a locked juvenile facility, minimum period of two (2) years * * * up till your twenty-first birthday; you understand that?
 {¶ 8} "[J.G.]: Yes, sir. * * *
 {¶ 9} "BY THE COURT: Anyone putting any pressure on you today to enter these true pleas?
 {¶ 10} "[J.G.]: No, sir. * * *
 {¶ 11} "BY THE COURT: And you understand if the Court accepts the pleas, you'll be giving up certain rights? You're giving up the right to contest these matters. You have a right to have a trial, a hearing which [sic] witnesses are brought before you in this courtroom to testify against you. Your attorney can cross-exam [sic] the witnesses. You can present your own evidence including your own testimony. You give all that up when entering a true plea. You understand that?
 {¶ 12} "[J.G.]: Yes, sir.
 {¶ 13} "BY THE COURT: You understand the burden is on the prosecutor here to prove you violated your probation? * * * You give up the right to have those kind [sic] of hearings at trial. You understand that?
 {¶ 14} "[J.G.]: Yes, sir. * * *
 {¶ 15} "BY THE COURT: * * * When you enter a true plea, you're telling us you did in fact commit the offense, you're giving up the right to remain silent. You understand that?
 {¶ 16} "[J.G.] Yes, sir.
 {¶ 17} "BY THE COURT: Today are you under the influence of anything that might affect your ability to understand what's going on in this courtroom?
 {¶ 18} "[J.G.]: No, sir.
 {¶ 19} "BY THE COURT: Do you have any questions at all about what's going on here today? *Page 4 
 {¶ 20} "[J.G.]: No, sir.
 {¶ 21} "BY THE COURT: Mr. Peck has been your attorney in this case. Are you satisfied with his legal representation? * * *
 {¶ 22} "[J.G.]: Yes, sir.
 {¶ 23} "BY THE COURT: * * * His family in here; parents? Understand that he's admitting to these two (2) charges? Is that what you want him to do at this time?
 {¶ 24} "UNIDENTIFIED MALE: Yes, sir.
 {¶ 25} "UNIDENTIFIED MALE: Yes, sir.
 {¶ 26} "BY THE COURT: At this time, the Court will accept the true pleas. Is there a Statement of Facts or Stipulation of Facts? * * *
 {¶ 27} "MR. PECK: We stipulate to the facts, Your Honor.
 {¶ 28} "BY THE COURT: Anything else need to be put on the record, as to adjudication of * * * the Violation * * *?
 {¶ 29} "MR. PECK: No, Your Honor.
 {¶ 30} "BY THE COURT: At this time then, the Court will make findings of delinquency * * * on the Violation of Probation. The finding is in violation of terms of his probation."
 {¶ 31} Thereafter, the court allowed both parities to be heard on the matter of probation recommendations. The court then revoked J.G.'s probation, and ordered that he be committed to DYS for a minimum period of two years, up to his 21st birthday. J.G. now appeals the juvenile court's decision revoking his probation, advancing three assignments of error.
 {¶ 32} Assignment of Error No. 1:
 {¶ 33} "THE JUVENILE COURT VIOLATED J.G.'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE *Page 5 
UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, AND JUV.R. 35, WHEN IT FAILED TO FOLLOW THE REQUIREMENTS OF JUV.R. 35(B)."
 {¶ 34} In his first assignment of error, J.G. argues his due process rights were violated where the juvenile court failed to comply with Juv. R. 35 during the September 4, 2007 hearing. Specifically, J.G. contends the court did not advise him as to the condition of probation he allegedly violated, did not inquire whether he was notified of such condition, and did not make a finding that he violated a condition of probation of which he had been properly notified. We find J.G.'s arguments without merit.
 {¶ 35} A reviewing court will not reverse the judgment of a juvenile court absent an abuse of discretion. In re Kash, Warren App. No. CA2001-06-057, 2002-Ohio-1425, at 3-4, citing In re William H. (1995),105 Ohio App.3d 761, 767. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Id. at 4.
 {¶ 36} It is well-established that the Due Process Clause is applicable to juvenile proceedings. Id., citing In re Gault (1967), 387 U.S. 1, 13-14, 87 S.Ct. 1428. Juv. R. 35(B) acknowledges such due process rights and provides that a juvenile court "shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv. R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv. R. 34(C), been notified." Juv. R. 34(C) provides, in relevant part, that "[i]n all cases where a child is placed on probation, the child shall receive a written statement of the conditions of probation. If the judgment is conditional, the order shall state the conditions." *Page 6 
 {¶ 37} Ohio courts have previously held that "it is tantamount to the constitutional rights of a juvenile that the trial court comply with Juv. R. 35(B). Due process requires (1) timely notice that a juvenile's probation will be revoked, (2) that the juvenile be informed of the grounds on which his or her probation will be revoked, and (3) that the juvenile be informed he or she will be subject to a suspended commitment of incarceration." In re J.F., Greene App. No. 06-CA-123,2007-Ohio-5652, ¶ 65.
 {¶ 38} J.G. cites the Seventh District Court of Appeals' opinion inIn re Royal (1999), 132 Ohio App.3d 496, as well as the Fifth District Court of Appeals' opinion in In re Kirby, Richland App. Nos. 06-CA-6, 06-CA-91, 2008-Ohio-876, in support of his contention that the juvenile court failed to comply with Juv. R. 35(B) in revoking his probation. InIn re Royal, however, unlike in the present case, the trial court did not mention a probation violation during either the adjudicatory or dispositional hearings on the juvenile's offenses. The court of appeals found that the juvenile court failed to comply "with even the minimally required procedures specified in Juv. R. 35(B)," where "[i]n neither the transcript of the dispositional hearing, the docket, nor the judgment entry of disposition is a probation violation mentioned, nor does the court inform appellant of the condition of probation that he is alleged to have violated. Nor does the court make a finding that appellant violated a probation condition." In re Royal at 507.
 {¶ 39} In In re Kirby, the trial court did not have the juvenile's specific probation violation charge in front of it during the adjudicatory hearing, and therefore, did not advise the juvenile as to the nature of the probation violation. The court of appeals held that the trial court failed to comply with Juv. R. 35(B) because it failed to advise the juvenile of the grounds upon which revocation of his probation was proposed, failed to explain the alleged probation violation to the juvenile, as it did not have the charge in front of it at the time of the hearing, and never mentioned the condition of probation the juvenile allegedly violated at any *Page 7 
time during the hearing. In re Kirby at ¶ 28.
 {¶ 40} Unlike the case law relied upon by J.G., the record in this case demonstrates the juvenile court held a hearing on J.G.'s probation violation on August 16, 2007 and issued a judgment entry indicating that "[a]fter the Commencement of the hearing, the child was advised as tothe nature of the charge filed; the child was advised of the right to counsel and to court appointed counsel. No plea was entered." (Emphasis added.) The court then ordered that counsel be appointed for the child and set the matter for a subsequent hearing. No transcript of the August 16, 2007 hearing, however, was provided to this court on appeal. As a result, we must presume the regularity of such hearing and therefore presume, in accordance with the court's judgment entry, that the court advised J.G. as to the condition of probation he allegedly violated. SeeKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 41} The record indicates the court held a second hearing on the probation violation on September 4, 2007, during which J.G. was represented by counsel. Upon commencement of the hearing, J.G.'s counsel entered an admission to the probation violation on J.G.'s behalf, waived a reading of the affidavits setting forth the charges, and stipulated to the facts. After a colloquy with J.G. concerning his rights, his understanding of the proceedings, and the consequences he faced by admitting the violation, the court accepted J.G.'s plea and stated, "[t]he finding is in violation of the terms of his probation." The parties then discussed recommendations as to J.G.'s probation, during which J.G.'s counsel explained his understanding of the probation violation was that J.G. went to his aunt's house, where a girl was present, while he was on house arrest. After allowing J.G. to address the court, the court ordered that his probation be revoked and sentenced him to a minimum period of two years in DYS, up to his 21st birthday. As this court has previously explained, "there was no need to specify in detail what appellant actually did or did not do *Page 8 
* * * since appellant admitted to the violation." In re Kash, 2002-Ohio-1425 at 11, citing In re Hansen, Tuscarawas App. No. 2001AP070064, 2002-Ohio-510.
 {¶ 42} Notably, despite J.G.'s argument that the juvenile court did not find he had been notified of the condition he allegedly violated, the record indicates that J.G. signed a written list of rules concerning his probation, reported his own probation violation after returning from his home stay, and did not argue during the hearing that he had not received notice of his probation rules and conditions. This court has previously held that revocation of a juvenile's probation is proper where it is "based upon a finding" that the juvenile violated a probation rule of which "he had been notified * * * in writing." In reGuy (Mar. 24, 1997), Butler App. No. CA96-10-196, at 4.
 {¶ 43} Accordingly, after a careful review of the record in this case, we find the juvenile court complied with Juv. R. 35(B) in revoking J.G.'s probation. Appellant's first assignment of error is therefore overruled.
 {¶ 44} Assignment of Error No. 2:
 {¶ 45} "J.G.'S ADMISSION TO THE ALLEGED PROBATION VIOLATION WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY, IN VIOLATION OF THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUV.R. 29."
 {¶ 46} In his second assignment of error, J.G. argues the trial court erred in failing to comply with the requirements of Juv. R. 29 in accepting his admission to the probation violation. We disagree.
 {¶ 47} As an initial matter, this court has previously held that Juv. R. 29 does not apply to probation violation hearings, but rather, that Juv. R. 35 applies to such hearings. In re J.B., Brown App. Nos. CA2004-09-024, CA2004-09-025, 2005-Ohio-5045, ¶ 4, citing In reMotley (1996), 110 Ohio App.3d 641; and In re Rogers (May 23, 2001), Summit App. No. 20393, *Page 9 2001 WL 542331. As stated, our review of the record demonstrates the juvenile court complied with the requirements of Juv. R. 35 in finding J.G. violated his probation and in revoking his probation accordingly. We note, however, that there is a conflict among jurisdictions concerning whether Juv. R. 29 applies to probation violation hearings, and the Ohio Supreme Court has recently accepted this issue for review. See In re L.A.B., Case No. 2007-0912. Even assuming the requirements of Juv. R. 29 apply to juvenile probation violation hearings, however, we find J.G.'s argument as to this issue is without merit, as J.G. has failed to demonstrate any prejudice resulting from the trial court's procedure in accepting his admission.
 {¶ 48} Juv. R. 29 provides:
 {¶ 49} "(D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 50} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 51} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 52} Ohio courts have found Juv. R. 29(D) analogous to Crim. R. 11(C), which provides that in an adult criminal proceeding, the trial court must personally address the defendant before accepting a guilty plea.In re Shepard (Mar. 30, 1998), Butler App. No. CA97-06-119, 1-2, citingIn re Jenkins (1995), 101 Ohio App.3d 177, 179. While the Ohio Supreme Court has expressed its preference that a trial court strictly comply with Juv. R. 29(D) in accepting a juvenile's admission, it has also held that "if the trial court substantially complies * * *, the plea will be deemed voluntary absent a showing of prejudice by the *Page 10 
juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver. For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." In re C.S., 115 Ohio St.3d 267,2007-Ohio-4919, ¶ 113.
 {¶ 53} With respect to Juv. R. 29(D)(1), this court has previously indicated that a trial court "is not always required to advise the juvenile of the elements of the crime or specifically ask the juvenile if he understands the charge, as long as the totality of the circumstances support the trial court's determination that a juvenile understands the charge." In re Shepard at 2, citing State v. Rainey
(1982), 3 Ohio App.3d 441, 442; and In the Matter of Garrard (Nov. 20, 1997), Franklin App. No. 97APF03-449, 1997 WL 723258, at *3.
 {¶ 54} After reviewing the record in this case, we find from the totality of the circumstances that J.G. understood the nature of the allegations and consequences he faced by entering a plea of true. As previously noted, the record indicates the juvenile court held a hearing on J.G.'s probation violation on August 16, 2007, during which the court"advised [J.G.] as to the nature of the charge filed * * *." As no transcript of the hearing was provided to this court on appeal, we must presume the regularity of the hearing, and that the court advised J.G. personally as to the nature of the charge during such hearing. SeeKnapp, 61 Ohio St.2d at 199.
 {¶ 55} Moreover, immediately upon commencement of the September 4, 2007 hearing, J.G.'s counsel waived a reading of the affidavits setting forth the allegations and indicated that J.G. was entering a plea of true to the probation violation. The juvenile court proceeded to personally address J.G., and asked whether he understood that he was entering an admission to this charge. The court also asked J.G. whether he understood his probation could be revoked and that he could be sentenced "to a locked juvenile facility, minimum period of two (2) years * * * up till [his] twenty-first birthday * * *." During the *Page 11 
exchange between the juvenile court and J.G., J.G. answered each question asked by the juvenile court in the affirmative, did not express any confusion about the nature of the allegations or the proceedings, and did not ask any questions even though he was provided the opportunity to do so.
 {¶ 56} The record demonstrates the juvenile court also informed J.G. that he was waiving the right to challenge witnesses and evidence against him, to remain silent and to introduce his own evidence at the adjudicatory hearing. In addition, the juvenile court informed J.G. that he was waiving the right to have the state prove the probation violation. J.G. responded that he understood his rights and that he would be waiving the same by entering an admission to the probation violation. Again, J.G. did not express confusion as to the proceedings or ask the court any questions, though he was given the opportunity to do so.
 {¶ 57} Based upon the foregoing, we find the juvenile court did not err in accepting J.G.'s admission to the probation violation as knowing, intelligent and voluntary. Appellant's second assignment of error is therefore overruled.
 {¶ 58} Assignment of Error No. 3:
 {¶ 59} "JG. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
 {¶ 60} Finally, in his third assignment of error, J.G. argues his trial counsel was ineffective in failing to assure the requirements of Juv. R. 35(B) and Juv. R. 29(D) were met during his probation violation hearing. As we have already found J.G.'s arguments concerning the trial court's compliance with such rules without merit, any ineffective assistance of counsel argument premised upon counsel's alleged failure to assure the *Page 12 
juvenile court complied with such provisions is without merit. In reZ.C., Warren App. Nos. CA2005-06-065, CA2005-06-066, CA2005-06-081, CA2005-06-082, 2006-Ohio-1787, ¶ 22. J.G.'s third assignment of error is therefore overruled.
 {¶ 61} Judgment affirmed.
WALSH, P.J. and BRESSLER, J., concur.
[1] J.G. was also charged with unauthorized use of a computer, which charge is not at issue in this appeal. *Page 1