OPINION
{¶ 1} Appellant, A.R.D., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, revoking his probation and committing him to the Department of Youth Services ("DYS"). For the reasons set forth below, we reverse the juvenile court's *Page 2 
decision.
 {¶ 2} On October 28, 2005, appellant, then age 14, was adjudicated delinquent after he pled true to three counts of gross sexual imposition against his three-year-old half-sister. On February 22, 2006, a hearing was held wherein the juvenile court discussed with the parties' possible placement options for appellant. The juvenile court recommended that appellant be screened for admission to Fairfield Academy, a facility for teenage boys, for residential sex offender treatment.
 {¶ 3} On February 27, 2006, the juvenile court held a classification and disposition hearing. The juvenile court ordered appellant committed to DYS for a minimum period of 18 months up to a maximum period not to exceed his 21st birthday, but suspended such commitment conditioned upon his compliance with court orders and probation rules. Appellant was placed on official probation and placed in Fairfield Academy. He was not provided with a written list of his probation conditions, nor was he instructed regarding the same. In fact, the only references to probation made by the juvenile court during the hearing were: "He'll be on probation under a suspended sentence in this case?" "So a minimum of [18] months, up until his twenty-first birthday suspended, probation, and then do this program[,]" "Does that pretty much cover what we need to do as far as probation disposition?" and "our goal is he never goes to DYS, that's only if we have failure. You understand that, [appellant]?"
 {¶ 4} On February 22, 2008, during an annual probation review hearing, the prosecutor and the probation department recommended that appellant be sent to DYS as he was not successfully participating in treatment. At the time, although he had been at Fairfield Academy for two years, appellant, now age 17, had made little to no progress and continued to engage in sexual conduct. That same day, a complaint was filed in the juvenile court *Page 3 
alleging appellant was in violation of his probation due to his "fail[ure] to comply with the rules and regulations with placement at Fairfield Academy. [Appellant] continues to act out sexually towards staff and other residents." (A similar complaint was filed three days later). Also on February 22, 2008, and for the first time, appellant's probation conditions were filed in the juvenile court and signed by appellant.
 {¶ 5} On March 4, 2008, following a probation revocation hearing, the juvenile court revoked appellant's probation, and ordered that he be committed to DYS for a minimum period of 18 months, up to his 21st birthday. Appellant appeals the revocation of his probation, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT ADJUDICATED A.R.D. DELINQUENT OF A PROBATION VIOLATION, AS A.R.D. HAD NOT BEEN GIVEN WRITTEN NOTICE OF THE TERMS OF HIS PROBATION PRIOR TO THE INCIDENTS LEADING TO HIS PROBATION REVOCATION. JUV.R. 35(B); JUV.R. [34(C)]. THIS WAS A VIOLATION OF A.R.D.'S RIGHT TO DUE PROCESS. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
 {¶ 8} Appellant argues his due process rights were violated when the juvenile court failed to comply with Juv. R. 34(C) and Juv. R. 35(B). Specifically, appellant asserts his probation was improperly revoked in violation of Juv. R. 35(B) because he was never provided with the conditions of his probation when placed on probation, as mandated by Juv. R. 34(C), and in fact did not receive a written copy of his probation conditions until after a complaint was filed alleging a probation violation.[1] We agree. *Page 4 
 {¶ 9} It is well-established that the Due Process Clause is applicable to juvenile proceedings. In re Kash, Warren App. No. CA2001-06-057, 2002-Ohio-1425, ¶ 10, citing In re Gault (1967), 387 U.S. 1,87 S.Ct. 1428. While "[j]uvenile courts are still venues for facilitating the rehabilitation of the child, *** it is critical for due-process protections to be followed while accounting for the special nature of the juvenile who is delinquent as opposed to the adult who is a criminal defendant." In re L.A.B., Slip Opinion No. 2009-Ohio-354, ¶ 55.
 {¶ 10} Juv. R. 35(B) acknowledges such due process rights and provides that a juvenile court "shall not revoke probation except after a hearing at which the child is present and apprised of the grounds on which revocation is proposed. *** Probation shall not be revoked except upon a finding that the child has violated a condition of probation of whichthe child had, pursuant to Juv. R. 34(C), been notified." (Emphasis added.) Juv. R. 34 governs dispositional hearings and provides in relevant part that "[i]n all cases where a child is placed on probation,the child shall receive a written statement of the conditions ofprobation." Juv. R. 34(C). (Emphasis added.)
 {¶ 11} A juvenile court must comply with the requirements of Juv. R. 35(B) before it revokes probation and imposes a previously suspended commitment. See In re Royal (1999), 132 Ohio App.3d 496; In reJ.F., Greene App. No. 06-CA-123, 2007-Ohio-5652. A juvenile court commits reversible error if it fails to comply with the requirements of Juv. R. 35(B). In re Kirby, Richland App. Nos. 06-CA-6, 06-CA-91, ¶ 17, citing In re Royal. We have held that revocation of a juvenile's probation is proper under Juv. R. 35(B) where it is based upon a finding that he violated a probation condition of which "he had been notified *** in writing." In re Guy (Mar. 24, 1997), Butler App. No. CA96-10-196, at 4. When a juvenile fails to receive notice of the conditions of his probation, he is not given notice of the conditions *Page 5 
that would constitute a probation violation, and such omission violates Juv. R. 34(C) and Juv. R. 35(B). In re Ratliff, Clermont App. Nos. CA2001-03-033, CA2001-05-050, 2002-Ohio-2070, fn. 2.
 {¶ 12} Unlike previous decisions of this court in which the juvenile was provided with a written list of probation conditions (and which he signed), see In re Guy, Butler App. No. CA96-10-196; In re J.G., Butler App. No. CA2007-10-250, 2008-Ohio-2260, when appellant was placed on probation at the February 27, 2006 disposition hearing, he was not provided with a written list of his probation conditions, nor was he instructed regarding the same. In fact, appellant was not provided with his probation conditions until two years later, on February 22, 2008, after an annual probation review hearing. That day, appellant's probation conditions were filed in the juvenile court and signed by appellant for the very first time.[2]
 {¶ 13} It follows that the juvenile court violated Juv. R. 34(C) when it placed appellant on probation without notifying him in writing of the conditions of his probation, and improperly revoked his probation in violation of Juv. R. 35(B). The decision of the juvenile court revoking appellant's probation and committing him to DYS is accordingly reversed. Appellant's first assignment of error is sustained.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "A.R.D. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE REVOCATION OF A.R.D.'S PROBATION, *Page 6 
WHEN A.R.D. HAD NOT BEEN GIVEN PRIOR NOTICE OF THE TERMS OF HIS PROBATION. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 16} Appellant's second assignment of error has been rendered moot as a result of our disposition of his first assignment of error. Therefore, we need not decide it. See App. R. 12(A)(1)(c).
 {¶ 17} Judgment reversed and remanded for further proceedings consistent with this opinion and in compliance with the law.
WALSH and RINGLAND, JJ., concur.
[1] We note that in its brief, the state failed to address appellant's specific argument that the juvenile court did not comply with Juv. R. 34(C) and Juv. R. 35(B) because appellant was never timely provided with the conditions of his probation. Instead, the state asserted appellant's argument was that during the revocation hearing, the juvenile court failed to advise him as to the condition of probation he allegedly violated.
[2] The February 2006 disposition entry of the juvenile court placing appellant on probation states that appellant's commitment to DYS "shall be suspended conditioned upon the child's compliance with court orders and Probation Rules;" "the child shall be placed on Official Probation. The Probation Rules as adopted or modified by the Probation Department shall be incorporated by reference in the terms of this order;" and "as a term of probation, the child shall be placed in the Fairfield Academy High School. The child and his family shall participate fully in the program at Fairfield Academy and shall successfully complete the program[.]" As noted earlier, however, the written conditions of appellant's probation were not provided to him or filed in the juvenile court until two years later. Further, there is no indication on the transcript of docket and journal entries that appellant or his counsel was served with the disposition entry, and there is no other evidence in the record that appellant or his counsel received a copy of the entry. *Page 1